S. G. WILSON *et al.* v. GEORGE W. HOWELL, *doing business under the name of Howell Bros.*

1. CASE-MADE — *Sufficiency* — *Evidence.* Where there is a stipulation at the end of a case made, signed by counsel for both parties, reciting that the foregoing is a full and correct statement of all the proceedings in the action, which is followed by the certificate and signature of the judge settling the case-made, the record will be deemed to contain all the evidence, and sufficient to entitle the plaintiff in error to a review of the testimony.

2. MECHANIC'S LIEN — *Lot Subject to.* Where material is purchased with the understanding of both parties that it will be used for the erection of a particular building in a certain town, a lien will attach to the lot on which the house is built, although the precise location of the lot was not mentioned in the contract, and although the vendor did not know the exact description of such lot at the time the contract was made.

3. FINDING — *Conflicting Evidence.* A finding of the trial court, upon conflicting testimony, that the lien was seasonably made and filed, is the end of a controversy on that question.

*Error from Graham District Court.*

ACTION to enforce a mechanic's lien. Judgment for plaintiffs, *Howell Bros.*, at the June term, 1888. The defendants,

*Wilson* and another, bring the case to this court.    The opinion states the facts.

*Z. C. Tritt*, for plaintiffs in error.
*Mills, Smith & Hobbs*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.:  In 1887, H. S. Henry purchased lumber and building materials from Howell Bros., of Stockton, for the purpose of erecting a dwelling-house at Nicodemus, and it was so used.    He failed to pay the price of the same, and on November 22, 1887, Howell Bros. made and filed a statement for a lien against the lots on which the house was constructed. On November 19, 1887, the property was conveyed to S. G. and L. J. Wilson.    This action was brought by Howell Bros. to recover the price of the lumber and to enforce a mechanic's lien.    Judgment was given in their favor and against Henry for $119.16, and the lien claimed by them against the property was foreclosed.    The Wilsons bring the case up for review, contending that the lien was not filed within four months after the completion of the building; and further, that the lumber was sold without any intention or understanding that it should be used in the construction of the building.

A preliminary objection is made by the defendants in error to the consideration of these questions, on the ground that the record does not show that all the evidence is preserved.    This objection cannot be sustained.    There is in the record, preceding the certificate of the judge, a stipulation signed by counsel for both parties, to the effect that the case-made contains a true, full and correct statement of the proceedings in the action.    This appears to have been settled by the judge as a part of the case, and is sufficient to entitle the plaintiffs in error to a review of the testimony.

The principal controversy appears to have been in regard to whether the lien was filed in good time.    Plaintiffs in error contended, and offered testimony tending to show, that the building in which the material was used was completed prior

to July 20, 1887, and it is conceded that the lien was not filed until November 22, 1887. The defendants in error, however, offered testimony tending to show that the building was not completed until the last days of July, or later. Proof was offered that some of the material used in the construction of the building was purchased and taken from the lumber yard on the 25th and 27th days of July. Although the plaintiffs in error offered positive testimony tending to sustain their theory, the time of the completion of the building was a question of fact for the determination of the court, and it having been settled upon conflicting testimony, the decision is conclusive with us.

The second ground of error cannot be sustained. It has been established beyond cavil that the material was purchased for the erection. of the dwelling-house in Nicodemus. It is true that the defendants in error did not, at the time of the sale, know the exact description and location of the lots upon which the building was to be erected. It is not essential, however, that there should be a contract specifically describing the lots or building, nor that Howell Bros. should have known the exact location of the same. If the material is sold on the personal credit of the purchaser, and without reference to what use he shall make of the same, no lien will attach; but where there is a mutual understanding between the parties that the material is furnished to be used in the construction of a particular building, and it is furnished and placed in such building, a lien will exist, although the exact description of the land on which the building was placed was not specifically named or accurately known by the vendor. (*Deatherage v. Henderson*, 43 Kas. 684; Phillips, Mech. Liens, § 126.) Judgment affirmed.

All the Justices concurring.