[No. 448. Decided August 12, 1892.]

W. F. WHITTIER, W. P. FULLER, F. N. WOODS AND C. A.
PLUMMER, *Appellants*, v. PUGET SOUND LOAN, TRUST &
BANKING COMPANY, JAMES W. MORGAN AND R. C. JOR-
DAN, *Respondent.*

MECHANICS' LIENS—MATERIALS FURNISHED CONTRACTOR.

Where materials are sold and delivered to a contractor without
any knowledge on the part of the persons furnishing such materials
that they will be used in the construction of a particular building, no
lien can be maintained against the owner of such building.

*Appeal from Superior Court, Whatcom County.*

*J. J. Weisenburger,* and *J. R. Crites,* for appellants.
*Fairchild & Rawson,* for respondents.

The opinion of the court was delivered by

HOYT, J.—This action was brought to foreclose a lien
claimed by the plaintiffs for certain glass purchased of them
by defendant R. C. Jordan, and by him used in the con-
struction of a certain building of which the other defend-
ants were owners, or in which they were interested. In
dealing with the plaintiffs in the purchase of said glass the
defendant Jordan acted in his own name, and did not in
any manner disclose the fact that he had any contract re-
lations with the other defendants, or either of them, or in
relation to the placing upon their or any particular prem-
ises any building whatever, and the glass was sold and de-
livered to him by the plaintiffs without any knowledge
on their part as to the fact that he was engaged in the
erection of any building in which the other defendants
were interested, or any particular, definite building at all.
Under these circumstances can they maintain a lien against
such defendants?

The language of our statute is, that every person who shall furnish materials to be used in the construction of any building shall have a lien therefor.   Do the facts disclosed by this record show that this material was furnished to be used in the construction of the building owned by the other defendants?   The proof on the part of the plaintiffs showed conclusively that at the time they delivered it to the defendant Jordan it was not delivered with any purpose or intention on their part that it was to be used in the construction of this particular building.   It showed, however, that they did not sell it to said Jordan upon his personal credit, but that they so sold it knowing that he intended to use it in the construction of some building, and intending to look to whatever building it might be thus placed in for their security.   And it is argued on the part of their counsel that this was a furnishing for use in any building in which said Jordan might afterwards place the same.   We are unable to agree with this contention on the part of plaintiffs.   The contractor for the erection of a certain building is by statute made the agent of the owner for the purpose of binding, so far as is necessary, the building to the erection of which his contract relates, for any and all material which he may purchase for use therein.   The agency thus established is a purely statutory one, and will not be extended beyond the necessities of the case; and to hold that anyone dealing with the person who has such a contract, without any knowledge of the contract relations between such person and the owner, can get the benefit of the statutory provision in his behalf, would be to announce a new doctrine upon the subject of agency.   In the minds of the persons who furnished the goods there was no thought at the time they so furnished them that went beyond the person with whom their dealings were had.   And they cannot now be allowed to assert that, though they dealt with such person as a principal, they intended to treat him

as the agent of some person whom circumstances might thereafter create and disclose. Our statute requires the materials to be furnished for a particular building in order that a lien thereon shall be created. And if not furnished directly to the owner, they clearly must be furnished to the contractor, as such, in that particular case, and not simply to a person generally without any reference to the particular contract under which he is erecting the building. Not only is this construction demanded by the plain reading of our statute, but, as we view them, the authorities called to our attention upon this subject are absolutely uniform in support of this view. We shall not undertake to review any of the authorities cited by the respondents to sustain the view above expressed. Four cases only were cited by the appellants as tending to sustain the contrary doctrine. The case of *Choteau v. Thompson*, 2 Ohio St. 114, thus cited, seems to us clearly upon the other side of the question. The whole language of the court can to us be interpreted in no other way, and the only possible sentence in the whole opinion warranting its citation to sustain the doctrine of the appellants is the following: "True, the particular building, or craft, may not be in the minds of the parties when the contract is made, and yet a lien may arise." But when this expression is read in connection with the context, it is too clear for argument that the court is there talking about materials furnished under a contract directly with the owner, and all that the court intended by such expression is that where one has made a contract with the owner to furnish material to him for the erection of a building, and a building is erected under said contract, he may maintain a lien therefor, even although at the time the contract was entered into the particular building, or the particular location of the building, which was to be erected had not been definitely determined.

The case of *Hunter v. Blanchard*, 18 Ill. 323, 68 Am.

Dec. 547, is less in point, if possible, than the one just referred to.    We have given the opinion in that case a careful examination, and are unable to find a single expression therein which can be construed to sustain the doctrine contended for by appellants.    As we read that case, it not only holds that the goods must be furnished to be used in the construction of a certain building, but that before a lien therefor can be maintained, they must, also, be actually used in such construction.

The case of *Wilson v. Howell*, 48 Kan. 150, holds that where material is purchased with the understanding of both parties that it will be used for the erection of a particular building in a certain town, a lien will attach to the lot on which the house is built, although the precise location of the lot was not mentioned in the contract, and although the vendor did not know the exact description of such lot at the time such contract was made.    But it is clear, from the opinion in this case, that the material was furnished to be used in the erection of a certain building, for a certain owner, and the fact that the particular location of such building had not been determined upon at the time such contract was entered into, or said materials furnished, was rightly held not to prevent the lien attaching.    But such holding, in our opinion, does not, in the most remote degree, apply to the question presented by the record in this case.

Appellants also cite § 1326, 2 Jones on Liens, but the text of said section tends much more strongly to sustain the contention of the respondents than that of appellants, and when interpreted in the light of the citations thereunder, and in connection with § 1327 immediately following, and the long list of cases cited to sustain the text of that section, it is evident that the learned author was clearly of the opinion that, under the circumstances presented by this case, a lien could not be maintained.

These are all the cases cited by appellants, and from the careful manner in which their brief was prepared, as evidenced thereby, we have a right to assume that no cases tending more strongly to sustain their contention can be found in the books. And if there cannot, it is clear that the authorities overwhelmingly sustain the contrary doctrine.

In the case of *Eisenbeis v. Wakeman*, 3 Wash. 534, we held that a lien could not be maintained upon any particular building by a person who furnished brick for a firm of contractors for use by them indiscriminately in the construction of certain buildings, for the erection of which they had contracts, and it seems to us that the principle established by the opinion in that case is decisive of the one at bar.

The lien, then, could not be maintained, and the judgment of the lower court in so decreeing, must be affirmed.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.