[No. 4731. Decided December 21, 1903.]

HUGH CALLAHAN, *Plaintiff*, v. THE AETNA INDEMNITY COMPANY *et al.*, *Respondents, and* RALPH W. SMITH, *Appellant.*[1]

MARITIME LIENS—MATERIALS FOR CONSTRUCTION OF SHIP—FURNISHED BY CONTRACTOR AS AGENT FOR BOTH PARTIES. Where materials suitable for building wooden ships are placed in charge of the manager of a ship building plant with instructions to use them in any ships constructed by him and to sell to the best advantage, the owner has a lien upon a ship for the value of any materials so used in its construction, under § 6077 Pierce's Code, and the fact that such agent is the principal contractor for the construction of the ship and also agent of the ship owners does not defeat the lien, as it does not show a sale on the personal credit of the contractor, or release him as plaintiff's agent to sell the material.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered February 7, 1903, upon the findings and decision of the court, dismissing a cross complaint for a lien against a ship after a trial on the merits; and also from an order entered February 9, 1903, discharging the receiver of the vessel. Reversed.

*F. S. Blattner*, for appellant. The law does not require a stipulation for a lien. *Jones v. Swan*, 21 Iowa 181; *Morman v. Carroll*, 35 Iowa 22; *Montandon v. Deas*, 14 Ala. 33; *Eufaula Water Co. v. Addyston etc. Co.*, 89 Ala. 552, 8 South. 25. When any part of the material was appropriated by the builder for any particular ship, it was furnished for the construction thereof, within the statute. *Briggs v. A Light Boat*, 7 Allen (Mass.) 287; *Fearings v. The Myrtle*, 2 Ohio Dec. 175.

*J. M. Ashton* and *W. L. Sachse*, for respondent. There was no lien because no intent was shown to use the mate-

[1]Reported in 74 Pac. 693.

rials in any particular ship at the time when the credit was given. Boisat, Mech. Liens, §§ 244, 867, 869; *Meredith v. Kunze,* 78 Iowa 111, 42 N. W. 619; *Fuller v. Nickerson,* 69 Me. 228; *Purinton v. Hull of a New Ship,* Fed. Cas. No. 11,472. Phillips, Mech. Liens, § 166 (2d ed.).

MOUNT, J.—This is an action to foreclose a lien for materials used in the construction of the barkentine "John C. Meyer." The trial court found that the materials used, and for which appellant claims a lien, were not furnished for the construction of said vessel, and therefore denied the lien. The undisputed facts are substantially as follows: On the 26th day of December, 1901, appellant purchased a certain lot of personal property, consisting of lumber, copper, yellow metal, spikes, iron and clinch rings, and other materials useful for construction of wooden vessels. This material was then situated upon real estate belonging to John B. Hardy, in the city of Tacoma. Appellant left this material where it was at the time he purchased it, and placed the same in charge of Mr. Hardy, and directed him to use it in the construction of vessels and sell it to the best advantage.

Subsequently, in March, 1902, the Hardy Ship Building Company, of which Mr. Hardy was manager, entered into a contract with the respondents Sudden & Christienson to complete the barkentine John C. Meyer, then in frame in the ship yards on Mr. Hardy's property, near the location of the material above named. Some of this material was then used by Mr. Hardy in the construction of the said barkentine, and some in other vessels then and there also under construction. For the materials used by Mr. Hardy in the construction of the vessel named, appellant claims a lien.

§ 6077, Pierce's Code, provides as follows:

"That all steamers, vessels, and boats, their tackle, apparel and furniture, are liable. . .. . (2) For work done or material furnished in this state for their construction, repair, or equipment at the request of their respective owners, . . . and every contractor, builder, or person having charge . . . of the construction, alteration, repair, or equipment of any steamer, vessel, or boat, shall be held to be the agent of the owner for the purposes of this chapter, . . ."

Respondents contend that, inasmuch as the materials which were placed in charge of Mr. Hardy at the time they were delivered to him were not furnished for the construction of the vessel John C. Meyer, but were delivered to be used in vessels generally, and to be sold to the best advantage, therefore appellant is not entitled to a lien under the statute. The statute provides that vessels are liable for materials furnished *"for their construction."* This language, no doubt, implies that, where the materials are furnished for a particular ship, such ship is liable therefor; and, where the materials are not so furnished, but are furnished to a dealer or general contractor upon individual credit, of course there is no liability upon a ship in which they may be used.

A number of authorities are cited by respondents to the effect that, where materials are sold and delivered to a contractor, without any knowledge on the part of the person furnishing such materials that they will be used in the construction of a particular vessel, no lien can be maintained against a vessel upon which such materials are used, because it is only where materials are furnished for the purpose named in the act that a lien is acquired. This seems to be the rule supported by textwriters and decisions cited from other states, as well as by our own decisions in *Eisenbeis v. Wakeman,* 3 Wash. 534, 28 Pac.

923; *Whittier v. Puget Sound Loan etc. Co.,* 4 Wash. 666, 30 Pac. 1094, 31 Am. St. 944; and *Heald v. Hodder,* 5 Wash. 677, 32 Pac. 728.

But this rule is not applicable to the facts in this case. These materials are not shown to have been sold to Mr. Hardy at all. They were left in his charge to be used in the construction of vessels, and to be sold by him to the best advantage. In other words, Mr. Hardy was merely an agent of appellant for the purpose of disposing of the materials. If Mr. Hardy, acting as such agent, had sold the materials for the construction of a certain vessel in which the materials had been used, certainly appellant, who was the owner of the materials at the time of such sale, would have been entitled to a lien against the particular vessel for which the materials were furnished. The fact that appellant made Hardy his agent, and delivered the materials to him in December, 1901, did not make Hardy personally liable for the value of the materials at that time. Nor did the fact that subsequently, in March, 1902, Mr. Hardy took the contract, as manager of the Hardy Ship Building Company, to construct the John C. Meyer then in frame, release him as agent for the appellant for the purpose of selling the materials. Subsequent to that time, and while he was agent both for the construction company and for appellant, the materials were used in the construction of the ship. The fact that Hardy was agent for both the appellant and the construction company, when the materials were furnished and used, did not affect appellant's right to a lien. The time when Hardy furnished the materials to himself, or rather to his construction company, was the time when they were furnished for the vessel.

Respondents in their brief seem to assume that when the materials were placed in charge of Mr. Hardy by ap-

pellant, in December, 1901, they were at that time sold to him. If this assumption is correct, then no doubt the case falls within the rule contended for. The only evidence in the record upon this point is the evidence of Mr. Hardy as follows:

"Well, I was really the representative of Smith and this material was in my charge, and I was also the contractor, or the chief contractor, of the vessel. The material was left by him to be used in any of the vessels that we might construct over there, and to be sold at the best advantage that I could for Mr. Smith. I do not know that there was any agreement ever made by Mr. Smith and Sudden & Christienson or the Aetna Indemnity Company. I never heard of any."

This evidence certainly does not support the contention that the materials were sold by appellant to Mr. Hardy upon his individual credit, at the time they were placed in his charge. If Mr. Hardy ever became personally liable for the materials, such liability did not attach until Mr. Hardy took the materials and used them for his own benefit. There is no evidence that he so used them. What he did was this: As agent for appellant, he furnished these materials for the construction of the ship, of which he was also agent. The materials were used in the ship. The case stands then the same as though appellant himself had furnished the materials to the construction company at the time they were used, and for the purpose for which they were used. These facts bring the case squarely within the terms of the statute, and appellant was entitled to a lien for the amount of his claim.

The judgment is therefore reversed, and the lower court is directed to enter judgment as prayed for in the complaint.

FULLERTON, C. J., HADLEY, ANDERS, and DUNBAR, JJ., concur.