[No. 6209. Decided September 25, 1906.]

KNUDSON-JACOB COMPANY, *Appellant*, v. A. M. BRANDT *et al., Respondents*, GROVE E. SLY *et al.,* *Defendants.*[1]

MECHANICS' LIENS—FORECLOSURE—EVIDENCE—DELIVERY OF MATERIAL. In an action to foreclose a mechanics' lien, there is not sufficient evidence of delivery of the material at the property in question, where the only testimony was that some of the material was given the appellant's deliveryman with directions for delivery, and most of it to a subcontractor, the contractor being engaged in a number of houses, and neither the deliveryman or subcontractor were called to testify.

SAME—AMOUNT. In an action to foreclose a mechanics' lien, there is not sufficient evidence of the amount to be charged to the property, where there was but one general account for different houses, charging various items to the contractor, with general credits, from which it could not be clearly ascertained what was chargeable against the property, or what amount remained unpaid.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 27, 1905, in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to enforce a materialman's lien. Affirmed.

*E. L. Sanders,* for appellant.

*Hamblen, Lund & Gilbert,* for respondents.

[1]Reported in 87 Pac. 43.

HADLEY, J.—This is an action to foreclose a lien for material alleged to have been used in the construction of a certain building. The material consisted of building hardware and paints, and it is alleged that the plaintiff furnished the same at the special instance and request of the defendant Sly, to be used in the construction of a building on lot 9, block 33, of Second Sinto Addition to Spokane Falls, now Spokane. It is also alleged that the defendants A. M. Brandt and wife are the owners and reputed owners of the lot, and that said Sly was the contractor in charge of the construction of the building. The usual averments concerning the filing of a lien notice are made, and a balance of $115.85 is claimed as due and unpaid. The complaint also contains certain allegations concerning a mortgage upon said property said to have been executed by said Brandt and wife to the Netherlands American Mortgage Bank, to secure the sum of $3,250, which it is charged was fraudulently made. Said Brandt and wife answered the complaint, denying the material allegations thereof and affirmatively alleging that the goods were sold to said Sly upon general account with the intention of holding him personally, without reference to any particular property upon which the same was to be used and without any intention of claiming a lien therefor. Also, that before the commencement of suit, said Sly had fully paid for all materials mentioned in the complaint. It is conceded that the said bank also appeared and answered, but the answer was not brought up with the record and it does not appear what issue was made thereby. The cause was tried by the court and resulted in a judgment dismissing the action and awarding costs to Brandt and wife and said bank. The plaintiff has appealed.

It is assigned that the court erred in refusing the admission in evidence of appellant's daybooks, containing the items involved in the suit, and in holding that appellant's memorandum and delivery slips were books of original entry and the best evidence. Appellant was, however, able to produce,

and did produce, the memorandum slips showing all the items claimed except certain small items amounting to $6.40. Moreover, the record sufficiently shows that the remaining items were included in the daybooks. If appellant were entitled to enforce this lien for any amount, the competency of the evidence as to the somewhat inconsiderable amount of $6.40 should be considered, but inasmuch as we think the lien cannot be sustained for other reasons, the competency of this evidence becomes immaterial for the determination of the appeal.

Some technical reasons are urged by respondents against the enforcement of the lien, by way of informality in the notice of lien, variance as to ownership, and the inclusion of nonlienable articles. We shall, however, pass over these and discuss what we consider more serious matters affecting the essence of appellant's claim for a lien. We think the proof is not satisfactory as to the actual delivery of the material at the property in question, and that it was actually used thereon. The testimony of the president of the appellant corporation upon that subject was that he knew nothing more about the delivery than that some of the goods were given to appellant's deliveryman with slips specifying the property in question as the place of delivery. The deliveryman did not testify. The larger part of the material was delivered to one Fuller by direction of Sly. Fuller was a subcontractor of Sly's for painting. Sly was at the time engaged in constructing a number of other houses to which appellant was sending materials on his account. Fuller did not testify, so that it does not appear what painting material went to his building. We think the evidence upon this subject is too indefinite and uncertain to charge the property with a lien.

Moreover the goods sold for the different houses were all charged to Sly in one general account. There were here and there extending through the account certain notations indicating that materials were delivered to different houses, and

many items are shown to have been delivered at Sly's shop, for what purposes does not appear. Sly's credits for payments were, however, entered generally in the account. No separate account for payments applicable to each building was kept. There was some evidence of the special application of some payments, but they were, in any event, entered as credits upon the general account. We therefore find it impossible to determine satisfactorily to ourselves what, if any amount, should be charged against this property. The burden of proof was upon appellant, and the account should have been so kept that it could have been clearly ascertained what was chargeable against the property. The court found that appellant furnished materials to Sly upon various building contracts of which this was one, and that they were sold upon general account to Sly upon his sole responsibility and without any intention on the part of appellant of claiming liens upon the property. Under the later decisions of this court, the absence of intention at the time the goods were sold, to assert a lien, would not have precluded its enforcement afterwards if the goods were actually sold for the understood purpose of being used in the building and if they were so used, unless the right to a lien was waived. *Stringham v. Davis*, 23 Wash. 568, 63 Pac. 230; *Blumauer v. Clock*, 24 Wash. 596, 64 Pac. 844, 85 Am. St. 966. But in such event it must be clearly shown that the material was used in the building, and what amount of the purchase price remains unpaid.

It is assigned that the court erred in dismissing the complaint against the Netherlands American Mortgage Bank. No evidence was introduced in support of the allegations of the complaint against the bank, and its answer was not brought up with the record. There is, therefore, nothing here for our consideration upon that subject.

The judgment is affirmed.

Mount, C. J., Fullerton, Root, Crow, and Dunbar, JJ., concur.