[No. 9303. Department Two. January 4, 1911.]

Z. T. HOLDEN, *Respondent*, v. LIVIA QUAGLITTI ROMANO, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS—PLEADINGS—AMENDMENT. In the absence of a statement of facts, the evidence is presumed to support the findings, and the pleadings will be deemed amended to conform thereto.

APPEAL—REVIEW—FINDINGS. Findings not being essential in equity, judgment will not be reversed for insufficiency of the findings to support the decree, the findings not showing affirmatively that a different judgment should have been entered.

Appeal from a judgment of the superior court for King county, Sheeks, J., entered February 28, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to cancel a deed. Affirmed.

[1]Reported in 112 Pac. 489.

*Eugene A. Childe*, for appellant.

*Edgar S. Hadley*, for respondent.

PER CURIAM.—This is an appeal from a decree cancelling a deed obtained through fraud. The case comes here on the judgment roll, without a statement of facts or bill of exceptions, and but two errors are assigned: First, that the findings of fact and conclusions of law are inconsistent with the cause of action set forth in the complaint; and second, that the findings of fact do not support the conclusions of law and decree. We find no merit in either of these assignments. The contention that the action was prosecuted solely on the theory that the deed was obtained from the respondent while intoxicated is not supported by the record. The complaint alleged other fraudulent acts, and alleged the intoxication of the respondent largely by way of inducement. Furthermore, in the absence of a statement of facts we must presume that the testimony supports the findings, and would deem the complaint amended if need be. We are further of opinion that the findings support the decree, but if they do not, that fact of itself affords no ground for reversal. This is an equity case and no findings were necessary. In such cases it is only where the findings are complete in themselves, and show affirmatively that a different judgment should have been rendered, that this court will interfere or reverse the judgment of the trial court. *Clambey v. Copland*, 52 Wash. 580, 100 Pac. 1031, and cases there cited. There is no error in the record, and the judgment is affirmed.