[No. 10072.   Department One.   June 26, 1912.]

WILLIAM SARGINSON, *Appellant*, v. TURNER INVESTMENT COMPANY, *Respondent*.[1]

MECHANICS' LIENS — PROCEEDINGS—SEPARATE HOUSES—SEGREGATION OF ACCOUNT—NECESSITY. One mechanics' lien on four houses belonging to the defendant cannot be asserted for a balance due the contractor on one entire contract for the four houses and one other house belonging to another in which the defendant had no interest, where the plaintiff did not keep separate accounts with the several buildings and cannot segregate the account against each property.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 27, 1911, upon findings in favor of the defendant, dismissing an action to foreclose a mechanics' lien. Affirmed.

*Bell & McNeil* (*Roney & Loveless*, of counsel), for appellant.

*Wm. Parmerlee*, for respondent.

CROW, J.—Action by William Sarginson against H. S. Turner Investment Company, a corporation, and others, to foreclose a single lien for labor and materials, furnished in the construction of four dwelling houses, upon lots in the city of Seattle belonging to the defendant corporation. From a judgment of dismissal, the plaintiff has appealed.

The controlling issue of fact is whether one Okey J. Gregg, with whom appellant claims a contract for the erection of the buildings, was the architect and agent of the H. S. Turner Investment Company. The trial court found that he was not, that appellant had no contract with respondent corporation, and that he is not entitled to a lien. No good purpose would be served by repeating the evidence. We have given it careful consideration, and conclude the findings of the trial court must be sustained.

[1]Reported in 124 Pac. 379.

It appears from the record that appellant, by one written instrument, contracted with Gregg for the construction of five dwelling houses, one to be built on a lot belonging to a third party in which the respondent Turner Investment Company had no interest. It further appears that appellant did not keep separate accounts with these several buildings for labor and material furnished in their construction; that, without separation or segregation, he now asserts one lien on all four houses built on the lots of the Turner Investment Company, for the sum remaining due upon the entire contract. This cannot be done, and if no other reason existed, appellant's alleged lien would fail for the want of segregation of accounts against each property. *Knudson-Jacob Co. v. Brandt*, 44 Wash. 68, 87 Pac. 43.

The judgment is affirmed.

PARKER, CHADWICK, and GOSE, JJ., concur.