[No. 10661. Department Two. May 6, 1913.]

## H. W. McCREERY, *Respondent*, v. L. L. CARTER *et al.*, *Appellants.*[1]

MARITIME LIENS—FORECLOSURE — JURISDICTION. The superior court has jurisdiction of an action to foreclose a maritime lien upon a boat for machinery sold and used in its construction.

APPEAL—REVIEW—COMPLAINT—AMENDMENTS—PRESUMPTIONS. It will be presumed in the absence of a statement of facts that the evidence supports the decree, and if necessary the complaint will be deemed amended to conform to the proof.

MARITIME LIENS — ENFORCEMENT — DEFICIENCY JUDGMENT. Upon foreclosing a maritime lien for materials sold to the defendants, the court may enter a deficiency judgment.

Appeal from a judgment of the superior court for Cowlitz county, McKenney, J., entered February 7, 1912, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a maritime lien. Affirmed.

*George S. Shepherd* and *Edward J. Clark*, for appellants.

*Edgar J. Wright*, for respondent.

MAIN, J.—This action was brought against L. L. Carter and wife, A. L. Davis and wife, and C. B. Ferris and wife. In the complaint two causes of action are set out, the first of which alleges that the plaintiff sold and delivered to the defendants certain machinery which was used in the construction and equipment of the steamboat "Una," and that as evidence of the indebtedness, a promissory note was executed

[1]Reported in 131 Pac. 1125.

and delivered to the plaintiff. And as a second cause of action, it is alleged that on a later date, at the special instance and request of the defendants, the plaintiff sold and delivered to them certain transmission machinery which entered into and became a part of the same vessel. Subsequent to the institution of the action, a receiver was appointed for the Una. The cause was tried to the court without a jury. The plaintiff prevailed. The decree provides, (1) that the plaintiff have judgment, specifying the amount thereof; (2) that the judgment be a paramount lien upon the steamer Una; (3) the receiver was directed to sell the Una; and (4) that in the event the proceeds of the sale of the Una be not sufficient to satisfy the judgment, then and in that event the plaintiff have a deficiency judgment for the balance. The defendants Carter and wife appeal.

No statement of facts or bill of exceptions has been brought to this court. The questions sought to be raised on the record here are, (1) the jurisdiction of the superior court, (2) the sufficiency of the complaint, and (3) the validity of the deficiency judgment.

The appellants contend that, in actions of this character, the superior court does not have jurisdiction; but this question has been determined adversely to such contention. In *Callahan v. Aetna Indemnity Co.*, 33 Wash. 583, 74 Pac. 693, it is said:

"The materials were used in the ship. The case stands then the same as though appellant himself had furnished the materials to the construction company at the time they were used, and for the purpose for which they were used. These facts bring the case squarely within the terms of the statute, and the appellant was entitled to a lien for the amount of his claim."

As to the sufficiency of the complaint, in the absence of a statement of facts or bill of exceptions, we must presume that the evidence supports the decree, and if necessary deem

396 STATE EX REL. PRATT v. SEATTLE.

Syllabus.Syllabus.                                    [73 Wash.

the complaint amended. In *Holden v. Romano*, 61 Wash. 458, 112 Pac. 489, it is stated:

"Furthermore, in the absence of a statement of facts we must presume that the testimony supports the findings, and would deem the complaint amended if need be."

Finally, it is urged that the court erred in entering a deficiency judgment, but this contention is not well founded. In entering the deficiency judgment, the court acted within the scope of its power. *Washington Iron Works Co. v. Jensen*, 3 Wash. 584, 28 Pac. 1019.

The judgment will therefore be affirmed.

MOUNT, ELLIS, MORRIS, and FULLERTON, JJ., concur.