[No. 16018.   Department One.   December 22, 1920.]

## DAN ERICKSON et al., Respondents, v. DICK PERICA, Appellant.[1]

MARITIME LIENS (6)—MATERIAL FOR CONSTRUCTION OF SHIP—GENERAL OR SPECIAL CHARGES—AGAINST PARTICULAR PROPERTY. A materialman may claim a lien against the boat K. for materials supplied to the builder, and charged to him generally for use in the construction of four sister seine boats built at the same time, where the particular items that entered into the boat K. were segregated and had been delivered to be used and actually were used in her construction.

CORPORATIONS (193)—ACTIONS—CAPACITY TO SUE—PAYING LICENSE FEE—WAIVER. The failure of a corporation, intervening in an action, to pay its license fee as a condition precedent to sue, as provided in Rem. Code, § 3715, relates only to its capacity to sue, and is waived if not raised in the court below.

[1]Reported in 194 Pac. 963.

MARITIME LIENS (5)—STATUTES—IMPLIED REPEAL. Rem. Code, § 1182, relating to liens upon steamers and vessels for work done and materials furnished in their construction, was not impliedly repealed by later acts and amendments (Rem. Code, §§ 1154 to 1157a) providing for liens for labor and materials furnished in the construction and repair of any chattel; the acts not being inconsistent, and repeals by implication not being favored.

SAME (10)—CLAIMS—FILING NOTICE—STATUTES. It is not necessary to file notice of claim for a lien for materials furnished for the construction of a vessel.

Appeal from a decree of the superior court for Whatcom county, Pemberton, J., entered March 29, 1920, in favor of the plaintiffs, in an action to enforce materialmen's liens against a ship, after a trial to the court on the merits. Affirmed.

*Van C. Griffin,* for appellant.

*Sather & Livesey* and *Hadley & Abbott,* for respondents.

MACKINTOSH, J.—Respondent Erickson began an action against the appellant and one Wrang, alleging that, at the request of Wrang, he furnished goods, wares and merchandise to be used, and which were used, in the construction of a certain seine boat, known as the "Kildeer," of which appellant was the owner. Respondent claims a lien on the vessel under § 1182, Rem. Code. The other respondents intervened in the action and severally claimed liens upon the same vessel for goods, wares and merchandise furnished in its construction.

The testimony shows that Wrang, a boat builder, in the year 1919, contracted to construct four seine boats, which were constructed at the same time and built on the same forms and were sister vessels. At the time that respondents agreed to furnish materials to Wrang, they were advised by him that he was about

to construct these particular boats, and agreed to furnish, and did furnish, materials to be used in their construction.

From a decree establishing the liens of the respondents, the appellant has appealed, contending, first, that the respondents are not entitled to any liens, for the reason that the materials were not furnished with any intention or knowledge that they were to be used in the construction of the vessel "Kildeer," and all of the materials were simply sold to Wrang to be used by him in his shipyard; and in support of this contention, calls attention to the evidence that no separate accounts were kept by the respondents, as to the particular boat in which the materials were to be used. It probably would be true, if these were the facts and the only facts in regard to the furnishing of these materials, that the respondents would have no liens, but, while there were no separate accounts kept, the testimony shows that the respondents were informed by Wrang that he was purchasing materials for use in the construction of the four seine boats, and that the materials were not furnished for general use in the shipyard, but to be used in the construction of the four particular vessels under construction at the same time and place, and the testimony shows that while the materials were charged generally to Wrang, that the particular items that entered into the vessel "Kildeer" were segregated.

This court has several times had the question presented by this assignment of error before it for consideration. In *Eisenbeis v. Wakeman,* 3 Wash. 534, 28 Pac. 923, the court held, where a contractor was engaged in constructing several brick buildings, and where the plaintiff, a brick manufacturer, had furnished the contractor bricks without regard to where

they were going to be used, and without any knowledge that any particular supply was going to be used in any particular building, or even in any building, that the manufacturer would have no lien. The court said:

"While the brick was being furnished it is clear that the respondent never contemplated availing himself of any security by way of a lien upon any of said buildings, but that he furnished the same upon the personal responsibility of said contractors. Our statute provides that every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of any building, etc., has a lien thereon, etc. The plain import of this language is, that the material used must be furnished to be used in the particular building upon which the lien is claimed. . . . There is no difficulty in this case, for the statute does not say materials used, but 'materials furnished to be used,' and thus plainly had reference to the intent of the material man in furnishing the materials. . . . and as stated it was all furnished indiscriminately without reference to any building, under one general contract. We are satisfied that, under the circumstances of this case, the respondent could have no lien."

That case is distinguishable from the case at bar for the reason that, as we have said, the testimony shows that Wrang had disclosed to the respondents that he was engaged in the construction of four boats, and that the materials they were selling him would be used in such construction.

The *Eisenbeis* case, on the question as to the intention of the materialmen to assert a lien, has been modified by the subsequent decision in *Knudson-Jacob Co. v. Brandt,* 44 Wash. 68, 87 Pac. 43, where the court says:

"Under the later decisions of this court, the absence of intention at the time the goods were sold, to assert

a lien, will not have precluded its enforcement after-
wards if the goods were actually sold for the under-
stood purpose of being used in the building, and if they
were so used."

In *Whittier v. Puget Sound Loan etc. Co.*, 4 Wash.
666, 30 Pac. 1094, 31 Am. St. 944, the evidence showed
that materials were delivered to a contractor without
any purpose or intention on the part of the seller that
they were to be used in the construction of a building
upon which the lien was sought to be imposed, and
that the materials were furnished with no idea that
they might go beyond the hands of the contractor.
There the court observed:

"The language of our statute is, that every person
who shall furnish materials to be used in the construc-
tion of any buildings shall have a lien therefor. Do
the facts disclosed by this record show that this ma-
terial was furnished to be used in the construction of
the building owned by the other defendants? The
proof on the part of the plaintiffs showed conclusively
that at the time they delivered it to the defendant Jor-
dan, it was not delivered with any purpose or inten-
tion on their part that it was to be used in the con-
struction of this particular building. . . . The con-
tractor for the erection of a certain building is by
statute made the agent of the owner for the purpose
of building, so far as is necessary, the building to the
erection of which his contract relates, for any and all
material which he may purchase for use therein. The
agency thus established is a purely statutory one, and
will not be extended beyond the necessities of the case;
and to hold that any one dealing with the person who
has such a contract, without any knowledge of the con-
tract relations between such persons and the owner,
can get the benefit of the statutory provision in his
behalf, would be to announce a new doctrine upon the
subject of agency. In the minds of the persons who
furnished the goods there was no thought at the time
they so furnished them that went beyond the person

with whom their dealings were had. And they cannot now be allowed to assert that, although they dealt with such person as a principal, they intended to treat him as the agent of some person whom circumstances might thereafter create and disclose. Our statute requires the materials to be furnished for a particular building in order that a lien thereon shall be created. And if not furnished directly to the owner, they clearly must be furnished to the contractor, as such, in that particular case, and not simply to a person generally without any reference to the particular contract under which he is erecting the building. Not only is this construction demanded by the plain reading of our statute, but, as we view them, the authorities called to our attention upon this subject are absolutely uniform in support of this view.''

In *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389, materials were furnished for four houses. One lien was asserted against the four buildings. This lien was sustained for the reason that the amounts of materials which went into each house were segregable.

*Callahan v. Aetna Indemnity Co.,* 33 Wash. 583, 74 Pac. 693, was an action where one Smith, being the owner of materials useful for the construction of wooden vessels, delivered them to one Hardy to be used in vessels generally, and to sell them to the best advantage. Hardy then entered into a contract to build a vessel and used some of these materials. It was claimed, Smith was not entitled to a lien for the reason that the materials had been delivered to Hardy to be used in vessels generally. The lien, however, was allowed on the ground that the vessel was liable for materials furnished in its construction, and that where materials are furnished for a particular vessel, it is liable therefor, the court saying:

''Respondents contend that, inasmuch as the materials which were placed in charge of Mr. Hardy at the time they were delivered to him were not furnished

for the construction of the vessel John C. Meyer, but were delivered to be used in vessels generally and to be sold to the best advantage, therefore appellant is not entitled to a lien under the statute. The statute provides that vessels are liable for materials furnished *'for their construction.'* This language, no doubt, implies that, where the materials are furnished for a particular ship, such ship is liable therefor; and, where the materials are not so furnished, but are furnished to a dealer or general contractor upon individual credit, of course there is no liability upon a ship in which they may be used.''

The court recognizes the distinction between cases where materials are furnished to be used in the construction of a particular building or buildings, or particular vessel or vessels, and those where there is a sale on general account without any particular building or buildings, vessel or vessels in mind; and has held, where the fact can be satisfactorily established that the materials were used in any building or vessel for which they were intended, that the lien will be allowed.

In *Knudson-Jacob Co. v. Brandt, supra,* the contractor was building a number of houses for which the materialmen furnished materials on general account. All the materials furnished were charged to the contractor generally. The court denied the lien, the reason being that it was "impossible to determine satisfactorily" where and what materials had been used.

In the case at bar the testimony shows that the materials had been delivered to be used in the boat "Kildeer," and had actually been used in her construction.

In *Sarginson v. Turner Investment Co.,* 69 Wash. 234, 124 Pac. 379, a lien was sought to be enforced for labor and material furnished in the construction of four houses. It appeared that the con-

tractor was engaged in the construction of five houses, and there being no separate account kept by the contractor for the several buildings, the accounts against each property could not be segregated. The court in that case said:

"It further appears that appellant did not keep separate accounts with these several buildings for labor and material furnished in their construction; that, without separation or segregation, he now asserts one lien on all four houses built on the lots of the Turner Investment Company, for the sum remaining due upon the entire contract. This cannot be done, and if no other reason existed, appellant's alleged lien would fail for the want of segregation of accounts against each property."

An examination of these cases shows that, in each case where a lien was denied, the materials had been furnished on a general account, and that it was in each case impossible to determine satisfactorily what amounts of material were properly chargeable against each separate building or vessel; but that liens had been allowed where materials have been furnished for particular buildings or vessels with the understanding that the materials were to be used in their construction; and that the amounts of material furnished to each vessel could be segregated, and it could be satisfactorily determined what amounts should be charged against each property.

Under these authorities, this assignment of error must be resolved against the appellant.

Second: The appellant urges that the interveners, having submitted their cases without introducing any evidence that they were corporations and had paid their annual license fees, their liens would be defeated. This is a matter which was not called to the attention of the trial court, and, under our decision in *State ex*

ERICKSON v. PERICA.

*rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234, which affirms the rule theretofore established by several decisions, this assignment of error must likewise be resolved against the appellant.

Third: It is argued that § 1182, Rem. Code, under which these liens are asserted, has been repealed by implication by Laws of 1917, Ch. 68, p. 229. Section 1182 relates to liens upon steamers and vessels and their tackle and furniture, and provides for liens for services rendered, for work done and for materials furnished in their construction, repair, etc. This act was passed by the legislature in 1901. In 1905, Laws of 1905, Ch. 72, p. 137, being entitled "An Act to secure and perpetuate liens upon chattels for labor, skill and materials expended thereon, and providing for the enforcement thereof" was passed. This became § 1154, Rem. & Bal. Code. This act was later amended by Laws of 1909, Ch. 166, p. 626, and later still by Laws of 1917, Ch. 68, p. 229; this latest act being entitled "An Act relating to liens upon chattels, and amending sections 1154, 1155, 1156, 1157 of Remington & Ballinger's Annotated Codes and Statutes of Washington, and adding a new section to be known as section 1157-a of Remington & Ballinger's Annotated Codes and Statutes of Washington."

By the act of 1917, liens were created for labor and materials furnished in the construction and repair of any chattel, whereas the act of 1905 referred to labor and material expended on any chattel. In considering this question, we should bear in mind, in the first place, that repeals by implication are not favored, and that general statutes, such as the acts of 1905 and 1917, will not be construed to repeal a prior special statute dealing with the same subject, unless the two acts are in conflict, or the general act discloses that the special

act is repealed. *Mead v. French,* 4 Wash. 11, 29 Pac. 833; *State v. Binnard,* 21 Wash. 349, 58 Pac. 210; *Calvert v. Winsor,* 26 Wash. 368, 67 Pac. 91; *Hewitt-Lea Lumber Co. v. Chesley,* 68 Wash. 53, 122 Pac. 993; *Siler Mill Co. v. Nelson Co.,* 94 Wash. 477, 162 Pac. 590; *State ex rel. Allen v. Public Service Commission,* 111 Wash. 294, 190 Pac. 1012. There is no conflict between these two enactments and the later one bears no indication of an intent to repeal the earlier special statute.

We conclude, therefore, that § 1182, Rem. Code, has not been repealed, and under that law, it not being necessary for liens to be filed for labor and material furnished in the construction or repair of vessels, the respondents would be entitled to their liens without the filing of any notice.

Several other claims of error are made, but, having examined them, we find nothing in them to call for a reversal of the case, and to discuss them *seriatim* would only result in unnecessarily lengthening this opinion.

The decree of the lower court will be affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER, JJ., concur.