[No. 20235.   Department One.   May 6, 1927.]

J. LISTER HOLMES, *Respondent*, v. COLIN O. RADFORD et al., *Appellants*.[1]

[1] PLEADING (28-1)—COMPLAINT—SEPARATE COUNTS — ALTERNATIVE ALLEGATIONS. An action for services may be predicated upon alternative allegations in the complaint for the reasonable value of the services performed and for the amount expressly agreed upon; and plaintiff may recover on any theory justified by the evidence.

[2] CONTRACTS (100-1)—CONSTRUCTION — BUILDING CONTRACT — COMPENSATION. Findings that there was no express contract to pay an architect a certain compensation are sustained, where it might well be that one of the parties did not so understand, as appears from his subsequent actions as well as his testimony; notwithstanding his preliminary statement of account coincided closely with the theory of a contract.

[3] MECHANICS LIENS (106)—FORECLOSURE—FEES AND COSTS. In an action to foreclose an architect's lien for $7,657, an attorney's fee in the sum of $1,200 is excessive, and should be reduced to $500.

Appeal from a judgment of the superior court for King county, Kinne, J., entered June 15, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Modified.

*Carkeek, McDonald, Harris & Coryell,* for appellants.

*Shorett, McLaren & Shorett, Edward R. Taylor* and *Ivan L. Hyland,* for respondent.

[1] Reported in 255 Pac. 1039.

FULLERTON, J.—This is an action by the respondent, Holmes, against the appellants, Radford and the Sovereign Investment Company, to recover for services as an architect, and to foreclose an architect's lien on certain described real property.

In the month of January, 1925, the appellant, Radford, acting for himself and his co-appellants, employed the respondent to prepare plans and specifications for an apartment building to be erected on the real property mentioned. Plans and specifications were so prepared by the respondent, and a building was subsequently erected on the lots in accordance therewith, at a cost of $180,571.83.

There is a disagreement between the parties as to the compensation the respondent was to receive for his services. The respondent contends that he was to prepare the plans and specifications for the building and to superintend its construction, and for his services was to receive six per cent on one-half the cost of the building and six per cent of four-fifths of the cost on the other half; that he performed the contract according to his understanding of it until after the building was partially completed, when a disagreement arose between himself and the appellants as to its terms; that at this time he ceased the work of supervision, and that thereafter, on the complaint of the person who advanced the principal sum for the construction of the building, he was re-employed as supervisor under an agreement that he was to receive for the services rendered between that time and the time of the completion of the building, the sum of $435. The respondent's total claim for compensation is $10,479.

The appellants' version of the contract is that there was no agreement at the time of the contract of employment for compensation, nor any agreement that the

appellant was to supervise the construction of the buildings. That this question arose sometime later, when it was agreed that the respondent should receive four per cent of the cost of the building for his compensation. They admit, however, that there was a request for a supervisor, and that, at the time of the request, it was agreed that the respondent should supervise the remaining construction work and that he should receive as compensation for the service the sum of $435. They admit a total liability of $7,657.

On the evidence submitted by the parties, the trial court concluded that there had been no agreement as to compensation, and that the respondent was entitled to recover the reasonable value of his services. This reasonable value it found to be $9,363. It further found that the respondent was entitled to an attorney's fee of $1,200. For these sums, it entered a personal judgment against the appellants and a decree foreclosing the lien.

On their appeal, the appellants make two assignments of error; first, that the evidence does not justify a judgment for any greater sum than they admit to be due; and, second, that the attorney's fee allowed is excessive.

[1] The respondent, in his complaint, stated his cause of action in the alternative. In his first cause of action, he alleged the employment, the performance of the services and their reasonable value. In his second cause of action, he alleged an express contract, to the effect that he had been employed to perform the services for an agreed compensation. In their answer, the appellants admit the employment, and admit that the compensation was agreed upon; denying, however, the version of the respondent with respect to the services he was to perform, and his version as to the agreed

compensation, and alleging affirmatively their under-
standing of the contract. Based on this condition of
the pleadings, the appellants contend that the question
of the reasonable value of the services is not within the
issues; that the question the court had to consider was
whether the contract was as the respondent alleged it
to be, or whether it was as alleged by them, and that
consequently the court was in error in determining the
issues on the principle of *quantum meruit*.

But we are unable to concede that there is merit in
the contention. The form adopted by the respondent
in stating his cause of action is permissible under the
practice in this state. While there may be some incon-
sistency in our decisions on the question, we have
definitely adopted the rule that a plaintiff may predi-
cate his right of recovery both upon an express con-
tract and upon a *quantum meruit*. In *Holm v. Chicago,
Milwaukee & P. S. R. Co.*, 59 Wash. 293, 109 Pac. 799,
we said:

"As we have seen, the appellant predicates his right
to recovery both upon an express contract and upon a
*quantum meruit*. A party may present his case in the
alternative. The wisdom of the rule is apparent. In
many cases a reasonable doubt may exist in the mind
of the pleader whether there was an express contract
and, if so, whether his evidence is sufficient to establish
it. In such cases a prudent pleader will so frame his
pleading as to admit proof and to permit a recovery
upon either ground."

The question was last before us in *Staples v. Esary*,
130 Wash. 521, 228 Pac. 514, wherein we reviewed our
former cases, and announced the governing rule as
follows:

"The rule laid down in the *Holm* case, *supra*, is cor-
rect. It states the law as it ought to be and as it has
been held to be in scores of cases. Text books and

decisions might be cited to the point of exhaustion confirming the rule that a plaintiff may, where he is seeking but one recovery, plead in the alternative either upon an express contract or in *quantum meruit*. There is no reason why a plaintiff who may have some legitimate question as to his ability to prove an express contract should, at his peril, be compelled to sue either upon that or upon *quantum meruit* and take the risk of having to begin a second action in the event he is unable to prove the one he first chose."

The respondent, therefore, may recover on the theory the evidence justifies. If there was no meeting of minds upon an express contract, he can recover upon a *quantum meruit*.

[2] In the case at bar, there is room to question whether there was an express contract as to the compensation the respondent was to recover for his services. The respondent and the appellant, Radford, had dealt with each other in like capacities with reference to the erection of other buildings, in which dealings the respondent had received for his services compensation at the rate for which he now contends. Naturally, when the erection of this building was taken up between them, the thought uppermost in the mind of each of them would be the character, style and cost of the building to be erected, and less attention would be given to the amount of the respondent's compensation than would have been given to it had it been the first transaction between them. Each of them could be mistaken whether or not an agreement had been reached on the question. The one might understand that there was such a contract, while the other did not, in which case it would be difficult to say there had been a meeting of minds.

Nor can we follow the appellants in their contention that it was subsequently agreed that the re-

spondent was not to superintend the construction of the building, and that his compensation was to be four per cent of the cost price of the building. That the respondent did not understand that there was such an agreement, is evidenced not only by his testimony but by his acts subsequent to the time it is claimed the contract was entered into. When the erection of the building was begun by the contractor, he took upon himself the work of superintendence and performed it at least until the second estimate on the construction work due the contractor was made out. The first and second of these estimates he prepared, and the contractor was paid in accordance with them; the second being for the work of the contractor performed during the month of May, 1925. It was after this date that the difference between the parties became acute, and the respondent ceased his work of superintendence. He was re-employed on July 24, 1925, and from that time he performed the work of supervision until the completion of the building, making out the remaining estimates of the amounts due the contractor.

But the appellants point to another circumstance which they argue shows all but conclusively that there was a contract, and that the respondent understood it as they contend it to be. The respondent submitted to the appellants an account for his services, at about the time of the completion of the building, in which the total amount stated to be then due him tallies closely with the amount due, if calculated in accordance with the appellants' version of the contract. But we cannot regard this as a controlling circumstance. The respondent's explanation of it may not be very satisfactory—he says that it was but a statement on account; that he did not then know, and that it could not be then ascertained, what amount would ultimately be due him;

and that it corresponded with the amount the appellants finally admitted to be due him was a mere coincidence—but the appellants did not then offer to pay in accordance with the statement, nor did they even concede that it was correct, and the act of submitting the account did not estop the respondent from asserting the full amount he claimed to be due when he was compelled to take affirmative action in order to enforce his claim. As evidence it is persuasive, but we cannot say that it outweighs the evidence on the contrary side of the question. It is our opinion, therefore, that the court did not err in its holding that there was no express contract with reference to the compensation due the respondent, and that he is entitled to recover on a *quantum meruit.*

It is argued that, on the theory of *quantum meruit,* the recovery is too large. But on this question we are not disposed to disagree with the conclusion of the trial court.

[3] It is our opinion, however, that the allowance made for attorney's fees is excessive. The issues between the parties were not complicated or difficult of trial, and we think an attorney fee of $500 would amply compensate the respondent on this branch of the case.

The judgment is reversed with respect to the allowance of attorney's fees, and the cause remanded with instructions to reduce the allowance to the sum of $500.

Mackintosh, C. J., Mitchell, French, and Main, JJ., concur.