[No. 21425. Department One. December 6, 1928.]

S. R. CHURCH, *Respondent*, v. GEORGIA M. BROWN, *et al.,*
*Appellants.*[1]

*Benjamin F. Tweedy,* for appellants.
*Homer L. Post* and *Elmer E. Halsey,* for respondent.

BEALS, J.—Plaintiff in his complaint alleged his own-
ership, by warranty deed from defendants, of certain
real estate in Asotin county, Washington; that de-

[1]Reported in 272 Pac. 511.

fendants were in possession thereof under an unfounded claim of right, and prayed for a decree declaring him to be the owner of the land in question and entitled to the possession thereof.

Defendants in their answer admitted their possession of the premises in question, and alleged that the deed from themselves to plaintiff, purporting to convey to him the premises therein described, was in fact a mortgage, given as additional security for a pre-existing indebtedness, which indebtedness defendants alleged that they still owed to plaintiff. Defendants further alleged that their possession of the premises in question was rightful, and that they were the owners thereof in fee simple, subject to plaintiff's mortgage. In the prayer of their answer they asked that the action be dismissed and that they have judgment for their costs and "for all relief to which they are entitled at law and in equity."

Plaintiff in his reply denied that the deed referred to in his complaint was in fact given as security, or otherwise than as an absolute conveyance given him in full satisfaction of a pre-existing debt, evidenced by a promissory note and secured by a mortgage upon the premises conveyed. Plaintiff then proceeded to allege that he had made certain payments for the benefit of the property by way of taxes, assessments and insurance, and asked that, should the court find his deed to be a mortgage, the same be foreclosed, and that he be allowed an attorney's fee of $150. Plaintiff also in his reply prayed that he be declared and adjudged to be the owner in fee simple of the premises described in his complaint,

". . . or, in the alternative, should the court find that the said warranty deed was in fact a mortgage, then in that case that the said mortgage be foreclosed and that plaintiff have judg-

ment against defendants for the sums found due, for $150 attorney's fees, and for costs of suit, and for such other relief as in law and equity plaintiff shall be entitled.''

Defendants moved to strike from the reply the alternative allegations referred to, upon the ground that the same constituted a departure from the complaint; which motion was overruled. The trial resulted in a decree in plaintiff's favor declaring the deed from defendants to plaintiff to be a mortgage, and foreclosing the same against the property covered thereby for certain amounts found by the court to be due, including an attorney's fee in the sum of $150.

From this decree defendants appeal.

No statement of facts has been brought before this court, the case being here only upon the complaint, answer and reply, together with the decree signed by the court, which includes certain findings of fact.

Appellants contend that the reply filed by respondent is inconsistent with the complaint; that in such an action as this a reply in the alternative is improper, and that the only judgment which the court had a right to enter, in view of its finding that the deed upon which respondent based his complaint was in fact a mortgage and not an absolute conveyance, was a judgment of dismissal. Appellants further contend that in any event the amount of the judgment is excessive, and that no allowance to respondent by way of an attorney's fee should have been made.

Appellants in their answer pleaded an equitable defense, namely, that the deed which they had theretofore delivered to respondent was in fact a mortgage and not an absolute conveyance, and, in addition to asking that the action be dismissed, they prayed for ''all relief to which they are entitled at law and in equity.'' It is possible that, under the strict rules of

pleading which formerly prevailed, respondent's reply, being in its nature an alternative pleading, might have been held to be objectionable, but under the more modern and liberal rules of pleading, under which rules it is held desirable that all controversies between the parties arising out of or depending upon the transaction which is the subject-matter of the action, be determined and settled in one instead of several proceedings, we hold that the procedure followed by respondent in replying to appellants' answer was unobjectionable.

In the case of *Beecher v. Thompson*, 120 Wash. 520, 207 Pac. 1056, 29 A. L. R. 699, it appeared that the plaintiffs had brought an action in replevin for the purpose of recovering possession of a motor truck, they having alleged in their complaint that they had held a chattel mortgage upon the truck and had thereafter received an assignment of the owner's interest therein. The defendant answered, denying that plaintiffs were entitled to possession of the truck, and filed a cross-complaint asking that he be decreed to have a lien upon the truck and that this lien be foreclosed. To this cross-complaint plaintiffs replied, alleging that even though defendant had a lien upon the truck, plaintiffs had a mortgage thereon which was superior to defendant's lien, which mortgage they prayed be foreclosed. The defendant contended that plaintiffs, having begun their action as an action at law, could not thereafter by way of reply allege the existence of equitable rights in their favor superior to defendant's lien. This court, speaking through Judge Mackintosh, says:

"As we view the situation, the contention is without merit, for the reason that the respondent, by his cross-complaint, had asked the court of equity to foreclose his lien, and in answer thereto the appellants allege

·such rights as entitle them to equitable relief. If such pleadings were not allowed in this action it would only result in the prosecution of two suits instead of one, where the result would have to be the same as that obtained in the one action. We therefore hold against this position of the respondent.''

■ It is well settled that in this state a plaintiff may in his complaint state his original cause of action in the alternative, pleading in one cause of action an express contract of employment and in another cause of action an employment, the performance of services and the reasonable value thereof. *Holmes v. Radford,* 143 Wash. 644, 255 Pac. 1039. These two states of fact cannot both be true any more than in the case at bar can respondent's deed be both an absolute conveyance and a mortgage; but it is beyond question that in order to avoid a multiplicity of actions a plaintiff may allege both an express contract and a *quantum meruit* and recover upon either. We see no reason why the same rule should not be held to apply to the situation now before us.

In the case of *Lawrence v. Halverson,* 41 Wash. 534, 83 Pac. 889, which was an action between partners, this court, speaking through Judge Dunbar, used language applicable to this situation, saying:

''When a court of chancery acquires jurisdiction for any purpose, it will, as a general rule, proceed to determine the whole cause, although in so doing it may decide questions which, standing alone, would furnish no basis of equitable jurisdiction. Bispham's Principles of Equity (6th ed.), § 37. It is a well established rule that equity, having taken jurisdiction for one purpose, will retain it for others necessary to final settlement of all matters involved in the litigation between the parties growing out of and connected with the subject-matter of the suit, and will decide all incidental matters necessary to enable it to make a final determination of the whole controversy (1 Beach, Mod-

ern Equity Jurisp. § 21); the only limitation being that the matters adjudicated must be germane to, or growing out of, the matter of equitable jurisdiction, and not distinct legal rights not affected by adjudication of the equitable questions involved. This liberal doctrine has been followed by the courts in all the code states especially, and also by this court in innumerable cases.''

In the case at bar it appears from the findings contained in the decree that appellants had executed a promissory note in favor of respondent, together with a mortgage upon the property described in the complaint to secure payment thereof; that the promissory note had never been paid, and that the amount due thereon, together with certain sums paid by respondent by way of taxes, assessments and similar items, together with interest thereon, was due and unpaid; for which amounts the court granted judgment, together with $150 as an attorney's fee.

No statement of facts being before us, it must be presumed that these findings were warranted by the evidence, and, if necessary, it will be assumed that the pleadings were amended, if any amendment thereto was necessary. *Holden v. Romano,* 61 Wash. 458, 112 Pac. 489; *McCreery v. Carter,* 73 Wash. 394, 131 Pac. 1125; *Whitney Chevrolet Co. v. Hatch,* 146 Wash. 440, 263 Pac. 602.

Appellants argue that, because both in his complaint and in his reply respondent alleged that the deed which he received from appellants was an absolute conveyance, the trial court erred in allowing respondent attorney's fees in the decree which foreclosed the deed as a mortgage. In his reply respondent prayed that, if the court found the deed to be a mortgage, the same be foreclosed. The court held with appellants to the extent of ruling that the deed was a mortgage and not an absolute conveyance. This was exactly in ac-

cordance with the allegations of appellants' answer. The court, having held that the original debt due respondent from appellants had not been extinguished by the delivery of the deed, and that appellants' note in favor of respondent was still a valid and subsisting obligation, was justified in granting respondent judgment against appellants upon the note, and in directing foreclosure of the mortgage securing the same.

The record containing no statement of facts, we must assume that the note provided for the payment of a reasonable attorney's fee in case of suit thereon, and that the allowance by the court of an attorney's fee was warranted by the evidence.

Finding no error in the record before us, the judgment is affirmed.

FULLERTON, C. J., TOLMAN, and MITCHELL, JJ., concur.