STATE ex rel. BURNS vs. THE SUPERVISORS OF THE TOWN OF ELBA.

PLEADING: MANDAMUS. (1) *Demurrer to return reaches back to relation.* JUDGMENT AGAINST TOWN. (2, 3) *When supervisors bound to have amount of judgment inserted in tax roll. Sixty days notice.*

1. A *demurrer to the return* made to an alternative *mandamus* reaches back to the *relation,* and raises the question of its sufficiency.

2. One who has recovered a *judgment against a town* is not entitled to an order of the supervisors directing the town clerk to insert in the tax roll for collection the amount of such judgment, unless a request for such an order, with *notice of the rendition of such judgment*, is served upon the supervisors sixty days before the tax roll is made out and placed in the hands of the town treasurer for collection. Ch. 143, Laws of 1871. And the court hold that this notice must be *in writing*.

3. Where the relator, in his application for a *mandamus* to compel the supervisors to make such order, fails to state that such *written notice of the judgment* was served in season, the relation is fatally defective, although it shows that the supervisors had *actual knowledge* of such judgment before the day when the notice should have been given.

APPLICATION for a *Mandamus.*

On the 11th of December, 1873, the relator applied to this court for an alternative writ of *mandamus* directed to the *Supervisors of the Town of Elba* (naming them), commanding them forthwith to order the town clerk to put into the tax roll of said town for the year 1873, the amount of a certain judgment recovered against such town and in favor of the relator, rendered in the circuit court for Dodge county, and affirmed by this court on appeal (see 32 Wis., 605); or to show cause, etc. The supervisors made return to the alternative writ; and the relator demurred to the return, and moved for a peremptory writ. Such of the facts stated in the relation and return as are necessary to an understanding of the decision of the court upon the demurrer, will be found in the opinion.

*E. E. Chapin,* for relator.

*Daniel Hall,* for respondents.

COLE, J. The counsel for the relator in this case has demurred to the return made to the alternative writ, and has also moved for a peremptory writ upon the return. The regularity of this practice is not questioned by the counsel for the respondents, and, so far as the final disposition of this application is concerned, it is not material in what aspect the case is regarded.

If it is to be considered upon the demurrer, then it is manifest we have to determine, not only the sufficiency of the return, but further, whether, admitting all the allegations in the relation to be true, a ground is laid for awarding a peremptory writ. For we suppose the rule is quite well settled, that the demurrer reaches back to the relation, and raises the question as to its sufficiency. *State ex rel. Cothren v. Lean*, 9 Wis., 279.

The object of the application is to compel, by a peremptory writ, the respondents to make an order directing the town clerk to insert in the tax roll for 1873, for collection, the amount of a judgment which the relator has recovered against the town. And it appears to us that the relation is fatally defective for not stating that a written notice was given to the supervisors of the rendition of the judgment *sixty days* before the tax roll was made out by the town clerk and placed in the hands of the town treasurer for collection, with the request that they make the order. This was essential in order to give the relator the right to insist upon the order being made directing the clerk to place the amount of the judgment in the tax roll for 1873. The statute upon this subject makes it the duty of the supervisors of the town, within sixty days after notice of the rendition of any judgment or award against the town by any court, to order the clerk thereof to put the same in the next tax roll of the town. Ch. 143, Laws of 1871. The statute does not expressly say that this notice shall be in writing, but this we think was the intention of the legislature. It must be borne in mind that the persons constituting the board are constantly changing, and, unless the notice is in writing, a subsequent board may not know, and the records of the town would fail to show as they ought, that the proper notice had been given. There is doubtless sufficient stated in the relation to show that the supervisors, or a majority of them, had ample knowledge of the recovery of the judgment in the circuit court, and of the affirmance of that judgment in the supreme court. But they had not the notice which the statute contemplates they should

State ex rel. Burns vs. The Supervisors of the Town of Elba.

have before the court will issue a *mandamus* to compel them to proceed and enter, or cause to be entered, the amount of the judgment upon the tax roll.

The attorney for the relator states in his affidavit, that on the 13th day of October, 1873, he left with the town clerk of the town an exemplified copy of the judgment of the circuit court of Dodge county, and notice of the affirmance of the judgment in the supreme court, and that the motion for a rehearing in the supreme court had been denied, together with an affidavit that no part of the same, in damages and costs, had been paid in conformity to 1 Tay. Stats., 368, § 103. This, of course, was sufficient to inform the town authorities of the exact amount due upon the judgment, damages and costs. But it will be observed that even this exemplified copy of the judgment, with the affidavit, was not filed with the clerk sixty days before the first day of December, 1873, the time fixed by law for the town clerk to place the tax roll in the hands of the town treasurer. 1 Tay. Stats., 410, § 67. To entitle the relator to have the judgment placed in the tax roll for 1873, the notice should have been given the supervisors sixty days prior to the first day of December last; and this was not done. And while it may be true that the supervisors had knowledge of the rendition of the judgment against the town in season to have caused the amount thereof to be entered upon the tax roll for 1873, yet they had not the written notice contemplated by the statute, and which should be given before a court will grant a writ of *mandamus* to compel them to perform this legal duty. In analogy to the rule " which almost universally prevails in judicial proceedings, that notices must be in writing " (*Butler v. Mitchell*, 22 Wis., 52; *Somers v. Schmidt*, 24 id., 417), as well as from the spirit of the provision and the changeable character of the members of the board, we think a written notice must be served upon the supervisors sixty days prior to the first day of December (when the tax roll is placed in the possession of the treasurer), with a request that they proceed and direct the

clerk to put the amount of the judgment in the next tax roll of the town for collection, in order to entitle a party to a *mandamus.* And as it does not appear that such a notice was given in the present case, the relation is fatally defective, and the alternative writ must be quashed.

But, besides, the supervisors in their return show that on the 10th day of December, 1873, they made an order directing the clerk to assess the amount of relator's judgment together with interest from the date thereof, and place the same in the next tax roll of the town, to the end that the same may be collected. It is obvious that this is all the board could do in the premises. Of course the tax to pay the judgment can not be levied and collected on the roll of 1873, but it will necessarily be the duty of the clerk, in obedience to this order, to place and enter the amount upon the tax roll for 1874. No further action of the board is required, and the clerk will doubtless perform his duty when the time comes for him to act in making the next tax roll.

For the reasons given upon the demurrer, it follows that the alternative writ must be quashed.

*By the Court.* — So ordered.