[No. 7062. Decided June 2, 1908.]

FREDA STRANDELL, *Respondent*, v. THOMAS MORAN *et al.*, *Appellants.*[1]

BONDS—ON PUBLIC WORKS—ACTIONS—NOTICE OF CLAIM—OVER-STATEMENT—EFFECT. The overstatement of the amount due, in a notice to a city of a claim for material furnished to a contractor upon public work, is not fatal to recovery upon the contractor's statutory bond to secure laborers and materialmen, where actual fraud is not shown.

SAME—SIGNING OF NOTICE—SUFFICIENCY. Such a notice, required by the statute to be signed by the claimant, is sufficient when signed by one "A. S. Agent," through whom the claimant did business, without disclosing the principal, where no one was misled thereby; since the same fulfills the purpose of the statute to give notice of claims.

APPEAL—REVIEW—VERDICTS. A verdict of a jury upon conflicting evidence cannot be disturbed on appeal because against the weight of the evidence.

Appeal from a judgment of the superior court for What-com county, Neterer, J., entered April 25, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a contractor's surety bond. Affirmed.

*Fairchild & Bruce,* for appellants.

*Bugge & Swartz,* for respondent.

FULLERTON, J.—In December, 1903, the appellant Moran entered into a contract with the city of Whatcom (now Bellingham) by the terms of which he agreed, for a stated consideration, to grade and otherwise improve Maple street,

[1]Reported in 95 Pac. 1106.

in that city, according to certain specifications attached to the contract. At the time of entering into the contract Moran gave a bond on which his coappellants were sureties, in the sum ,of $6,500, running to the state of Washington, conditioned that he would pay for all material that it should be necessary to use in the successful performance of the work. While Moran was performing the contract, the respondent sold and delivered to him to be used therein 120,768 feet of lumber, at the agreed price of $8.50 per thousand feet, board measure. Of this quantity Moran used on the work some 90,916 feet, the remainder, or some part of it at least, being rejected by the city engineer as unsuitable for the purposes for which it was intended. Moran did not pay for the lumber purchased, and the respondent, within 20 days after the completion of the contract, gave the city the following notice:

"Bellingham, Wash., Sept. 23, '04.
"To the Honorable Mayor & Members of the City Council of the City of Bellingham, Wash.

"Gentlemen:—Please, take notice that the undersigned, Andrew Strandell, who furnished material for and upon the contract between the City of Whatcom, Washington and Thomas Moran for the grading, sidewalking and improving of Maple St., between High street and Newell Street, has a claim for the sum of $1,026.52 against the bond taken from Thomas Moran, wherein he is the principal and Miller G. Scouten & Otto Matthes are sureties:

"Andrew Strandell. By D. T. Winne, her attorney."

The city officers, notwithstanding this notice, paid the balance due on account of the contract over to Moran, leaving the claim unsatisfied. The present action is an action upon the bond to recover the contract price of the lumber furnished the contractor for use in improving the street. The trial court limited the amount of the recovery to the lumber actually used in the construction work, and the jury returned a verdict for the amount so used, at the contract price, with interest. Judgment was afterwards entered upon the verdict, and this appeal is taken therefrom.

The first assignment of error goes to the sufficiency of the notice above quoted. The notice is thought to be fatal to the respondent's right of recovery, first, because it claims as due a much larger sum than was actually due the respondent; and second, that it was not signed by the respondent. As to the first objection, it is not necessarily fatal to the respondent's right of recovery that the notice stated a larger sum to be due than was afterwards actually recovered. With regard to statutory liens, courts have often held them invalid where an exaggerated statement of the amount due was made in the notice, or where the amount claimed was unduly enlarged by the intermixture of lienable and nonlienable items, but even in these cases there must have been a wilful misstatement of the amount due or an exaggeration so gross as to imply wilful misstatement before that result would follow. Mistakes made in good faith, although increasing the claim beyond the amount justly due, are not fatal to a maintenance of the claim for the amount actually due. *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Robinson v. Brooks*, 31 Wash. 60, 71 Pac. 721. The same rule should apply to notices under the statute in consideration here. If the notice is made in good faith, under the honest belief that the amount demanded is justly due, the claimant should not be denied the right to recover for the amount actually due merely because his notice does overstate his just claim. Actual fraud, or acts from which fraud is necessarily implied, should be shown before that result should be held to follow. The trial court therefore did not err in refusing to rule as a matter of law that the mere fact that the amount due was overstated in the notice filed with the city council barred the right to recover the amount justly due.

The statute provides that the notice required to be given the board with whom the bond is filed "shall be signed by the person or corporation making the claim or giving the notice," and it is urged in support of the second branch of the objection that the notice at bar is neither signed by the present

claimant nor by any one on her behalf, but is signed by a stranger to the record. The respondent was doing business through an agent under the name of "A. Strandell, Agent," Andrew Strandell being the full name of the person who so acted. The notice was signed, it will be observed, by Andrew Strandell without the addition of the word "Agent," and this omission is thought to render the notice void, since, as it is claimed, such a signing is neither a signing by the real nor the trade name of the claimant. But the primary purpose of the statute is notice. It is intended to inform the city and the bondsmen of the contractor who, if any, of the laborers, mechanics, and materialmen have not been paid, and any form of notice that does this, and does not mislead either the city or the bondsmen to their injury, is sufficient to comply with the statute. In the case before us there is no pretense that either the city or the bondsmen were misled, or that it was want of such notice that prevented the retention of the amount of this claim from the balance due the contractor paid him or on his orders after the notice was received. The record does show that the city officers were misled by a transaction of some kind had between the contractor and a third party, but it was not one for which the respondent was responsible.

It is next contended that the contract between Moran and the city was assigned by Moran to one Clark without the knowledge or consent of the sureties, and that such assignment relieved the sureties from their obligation. But whether this result would follow were the fact established we do not need to determine. The question whether it was so assigned was a disputed question at the trial on which contradictory evidence was introduced. The question therefore was one for the jury. It was moreover submitted to them by the court and determined in favor of the respondent. This concludes the question in this court.

The last contention is that the respondent was tendered payment in full by Moran and the city council of all that was

justly due her, long prior to the commencement of this action, and that this tender was refused. These facts, it is claimed, exonerated the sureties. But here, also, the facts were in dispute. Whether or not there was such a tender was a disputed question which the court submitted to the jury, who determined it contrary to the contention of the appellants. True, the appellants say there was no substantial testimony contradicting their contention, but we find against it the positive testimony of the respondent's agent. Whether his testimony was true or false was for the jury and trial judge to determine. This court has no authority to weigh the evidence.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, ROOT, CROW, MOUNT, and DUNBAR, JJ., concur.