[No. 10319.  Department Two.  January 22, 1913.]

ROBINSON MANUFACTURING COMPANY, *Respondent*, v.
R. LEE BRADLEY *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—PUBLIC WORK—CONTRACTOR'S BOND—
LIABILITY OF SURETIES—CONDITIONS PRECEDENT—NOTICE OF CLAIM—
SUFFICIENCY.  Letters from a materialman to a library board, in-
forming the board of a balance due for materials furnished a con-
tractor, and requesting prompt payment, without any reference to
the contractor's bond, do not constitute notice to the city in com-
pliance with Rem. & Bal. Code, § 1161, providing, as a condition
precedent to action on the bond, that a written notice be filed with
the board that the material has been furnished and that a claim is
made against the board for the amount due.

SAME.  Actual notice to part of sureties would not bind the other
sureties.

SAME.  Such statute is not complied with by actual notice given
to the sureties, at a meeting of the library board, that the bill of
the materialman for material furnished the contractor had not been
paid; since the statute requires written notice of a claim upon the
bond.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered January 22, 1912, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action on a contractor's
bond.  Reversed.

*Thomas Smith*, for appellants.

*Cooley & Horan* and *R. Mulvihill*, for respondent.

MORRIS, J.—Action against the sureties upon the bond
of the contractor, for the construction of a public library
building at Anacortes.  The sureties sought to evade lia-
bility because of the failure of respondent to give such no-
tice as is required under Rem. & Bal. Code, § 1161.  Find-
ings and judgment went against the sureties, and they have
appealed.

[1]Reported in 129 Pac. 382.

The only question to be considered is sufficiency of the notice. The section referred to provides that no right of action shall accrue upon bonds of this character unless within thirty days after the completion of the work the person claiming such right of action shall file with the board acting for the municipality a notice in writing to the effect that labor or material has been furnished upon such public work, and that a claim is made against the bond for the amount due. The complaint sought to bring the respondent within the terms of this statute by setting forth two letters written by respondent to the treasurer of the library board. The first of these letters is as follows:

"Everett, Wash., March 12, 1910.
"Mrs. George B. Smith, Treas. Library Board,
    Anacortes, Wash.
"Dear Madam: Your favor of March 11th has been received with enclosed as stated and have passed amount to the credit of A. M. Dilling on account of library. Enclosed herewith we hand you statement showing balance due of $1,098.20. We trust that you will favor us with an early remittance covering this amount as same is now due. Yours truly,                    Robinson Manufacturing Co.
                    "By C. D. Fratt, Sec'y."

To this letter, Mrs. Smith replied, claiming an error in arriving at the balance due, upon the receipt of which respondent mailed its second letter, which is as follows:

"Everett, Wash., April 8, 1910.
"Mrs. George B. Smith, Treas. Library Board,
    Anacortes, Wash.
"Dear Madam: Your favor of April 6th has been received. The statement as contained in your letter of March 14th showing balance of $858.50 on that account, is correct, and if you will send us that amount less freight expense bills we will hand you a receipt for the amount. Thanking you for a prompt response, we are, yours truly,
                    "Robinson Manufacturing Company,
                    "By C. D. Fratt, Sec'y."

At the trial respondent was permitted to amend its complaint by adding that, subsequent to the furnishing of the material, the library board held a meeting with the sureties, at which a representative of respondent was present, and that at this meeting the sureties were informed of the contractor's default, and received actual notice of the fact that respondent's bill was then due and unpaid.

We have held that the giving of this statutory notice is a condition precedent to any action upon the contractor's bond. *Huggins v. Sutherland*, 39 Wash. 552, 82 Pac. 112; *Crane Co. v. Aetna Indemnity Co.*, 43 Wash. 516, 86 Pac. 849. It has also been said that, since the primary purpose of the statute is notice, it is not required that the statute be strictly complied with, but that any form of notice which informs the municipality and the sureties that unpaid bills are due and which does not mislead either the municipality or the sureties to their injury, is sufficient. *Strandell v. Moran*, 49 Wash. 533, 95 Pac. 1106; *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158. This language, before it is accepted as authoritative, must be read in connection with the facts to which it was applied. In doing so, it will be seen that, in the *Strandell* case, notice was actually filed with the municipality that a claim was made against the bond and the sureties therein named; the only objection being that Freda Strandell, the claimant, was doing business as "A. Strandell, agent," and the notice was signed "Andrew Strandell," without adding the word "agent." This signature, under the facts, was held sufficient. In the *Cascade Lumber Co.* case, notice was also given to both the municipality and the surety. The notice failed to state that a claim was made against the bond. In discussing this point, it was said:

"But they [notices] do say that the claimant has a bill against the high school building for materials furnished to the builders to be used in the building, and the amount thereof. The notices were addressed to the surety company,

and served upon it. These notices were the *substance* of the notice provided for by the statute. When it was addressed to and served upon the surety, that company must have known that the notice was given to them solely by reason of the bond, and that the claimants meant thereby to claim against the bond."

Tested by this language it cannot be said that either one of these letters, or both of them combined, complied with, or attempted to comply with, the substance of the statutory notice. The utmost that can be claimed for them is that they inform the library board of the balance due from the contractor. There is no attempt to file a claim against either the building or the bond. The purpose is apparent— to request an early payment of the balance claimed from the library board—without any reference to the bond or the obligations of the sureties thereunder. Respondent had in mind nothing more than the usual correspondence accompanying a bill for an unpaid balance. The letters contain no recognition of any statutory requirement, nor any attempt to comply therewith. To hold these letters sufficient as a notice would be to say that, whenever any creditor of a contractor upon public buildings writes a letter notifying the municipality of the amount due him for labor or materials furnished in the construction of such a building, a liability can, because thereof, be enforced against the sureties upon the contractor's bond. The statute requires something more than this, and it cannot be held that its requirements have been substantially met, conceding that to be all that is required, until there has been an attempt in some form to recognize the demand of the statute and to obtain rights thereunder, which otherwise would not exist. We therefore hold that these letters cannot avail respondent as a compliance with our statute.

The next question is, was the meeting notice? The record discloses that four sureties, with their wives, signed the bond. Three of these sureties only were present at this

meeting, and none of the wives. Under these circumstances it surely could not be, as found by the lower court, that all four of the sureties, with their wives, were liable. If this meeting is to be given the same effect as the statutory notice, it could bind only those present. But it does not seem to us it can be held that this meeting can take the place of notice. The utmost that could be claimed for this meeting is that the sureties present received actual notice that respondent's bill for materials furnished had not been paid. The statute requires more than actual notice of an unpaid bill. It requires the creditor shall do something that shall signify to the surety his purpose to look to the bond for reimbursement. We have many statutes requiring the giving of notice before materialmen can enforce a liability against one with whom he has had no contractual relations, such as the sending of duplicate statements of account of materials furnished before a liability can be enforced against the owner of any building for materials furnished for its construction. We apprehend that a materialman could not excuse himself for failing to send these duplicate statements by saying the owner had knowledge that the material had been furnished, that it had not been paid for, and that a claim would be made against him for payment. The legislature has a right to say under what circumstances a primary liability shall be extended; and when it has so said, the liability cannot be enforced, unless there is at least a substantial compliance with its exactions. The statute, in cases of this character, becomes a part of the bond, and it is just as essential that there be substantial adherence to its requirements as that there should be a default in the obligations of the bond. We therefore hold that actual notice cannot take the place of this written statutory notice, and that no liability can be enforced against sureties under a bond of this character, without some form of written notice which shall substantially conform to the requirement of the statute. It is generally held that, where notice is re-

quired in a legal proceeding, especially where as a condition precedent there is some statutory requirement for filing notice, this means written notice. *Pearson v. Lovejoy*, 53 Barb. 407; *Foley v. Mayor etc. of New York*, 1 App. Div. 586, 37 N. Y. Supp. 465; *State ex rel. Burns v. Supervisors of Town of Elba*, 34 Wis. 169. Not finding any such notice in this case, we can fix no liability upon these sureties, and the judgment is reversed.

MOUNT, FULLERTON, ELLIS, and MAIN, JJ., concur.