[No. 11812.   Department One.   March 23, 1915.]

Carstens Packing Company, *Respondent*, v. Empire State Surety Company, *Appellant*.[1]

Municipal Corporations—Improvements—Contractor's Bonds—Notice of Claim—Sufficiency.  A notice of claim against a city contractor's bond, for supplies furnished to the contractor, which mentions three improvement districts in which the contractor gave separate bonds to secure the performance of distinct contracts, pursuant to Rem. & Bal. Code, §§ 1159-1161, is so vague and indefinite as to be insufficient to support a cause of action where it fails to segregate the value of the supplies furnished on account of any district, and does not specify the bond against which the claim is filed.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 26, 1913, in favor of the plaintiff, in an action for supplies sold to a contractor, used in a city improvement.  Reversed.

*Bausman & Kelleher*, for appellant.

*Ryan & Desmond*, for respondent.

Crow, J.—Action by Carstens Packing Company, a corporation, against L. G. McGuire and F. W. McGuire, copartners, as principals, and Empire State Surety Company, a corporation, as surety, to recover the purchase price of provisions and supplies sold.  The McGuire Brothers defaulted.  The surety company interposed a demurrer to the complaint, which was overruled.  Thereupon it refused to plead further, and it now appeals from a judgment entered against it for the amount claimed.

The action is predicated upon two surety bonds, alleged to have been given in compliance with the requirements of Rem. & Bal. Code, §§ 1159-1161 (P. C. 309 §§ 93, 95, 97), and the only question presented is whether the complaint states a cause of action against the surety company.  Re-

[1]Reported in 147 Pac. 36.

spondent, in one cause of action, in substance, alleged that, on September 25, 1911, and on October 23, 1911, the defendants McGuire Brothers, for a valuable consideration, entered into two written contracts with the city of Anacortes, whereby they contracted to grade and improve certain streets in districts known as improvement district 77 and improvement district 80, respectively; that they completed the contracts; that at the time of the execution of the contracts, the defendants McGuire Brothers, as principals, and the appellant Empire State Surety Company, as surety, to secure the city and for the purpose of protecting it against claims for labor, material and supplies furnished to McGuire Brothers, executed and delivered to the city their two certain bonds of indemnity in the sum of $8,432.25 on district 77, and in the sum of $9,300 on district 80, which bonds were severally conditioned that the defendants McGuire Brothers would faithfully perform the provisions of their respective contracts and pay all laborers, mechanics, subcontractors, and materialmen, and all persons furnishing the contractors with provisions and supplies for the carrying on of the work under the contracts; that the grading and improvement under the several contracts was carried on by McGuire Brothers simultaneously; that in their work and operations thereunder, they maintained and conducted a general boarding camp where all their employees and laborers working under the contracts were boarded; that respondent, at the special instance and request of McGuire Brothers, furnished them with meats, provisions, and supplies of the reasonable value of $526.15, for use in the boarding camp, and that the same were used in carrying on said work and in the maintenance and conduct of the boarding camp; that within thirty days after the completion of the work and its acceptance by the city, respondent filed with the city clerk a notice of its claim for the value of the meats, provisions, and supplies so furnished, and that no part thereof has been paid. Copies of the two separate contracts, the two separate bonds, and the

notice of claim filed with the city clerk under Rem. & Bal. Code, § 1161 (P. C. 309 § 97), were attached to the complaint and, by proper allegations, were made a part thereof. Omitting formal parts, the notice which was directed to the city and the appellant surety company reads as follows:

"The Carstens Packing Company, a corporation, holding a claim against McGuire Bros., contractors doing public work in the city of Anacortes, Washington, in Local Improvement Districts Nos. 77, 78 and 80, in the amount of five hundred and twenty-six and 15-100 ($526.15) dollars, for supplies furnished the said McGuire Bros. for the carrying on of the said contract, herewith gives notice of its said claim against the said McGuire Bros., the city of Anacortes, and the bond filed by said McGuire Bros."

It will be noticed that two separate contracts are alleged in the complaint, one for improvement district 77, and one for improvement district 80; that separate bonds were written to secure the performance of these several contracts; that three improvement districts, numbered 77, 78, and 80, are mentioned in the notice of claim filed with the city clerk, and that neither the notice nor the complaint segregates the value of meats, provisions, and supplies furnished on account of one district from those furnished on account of another. Appellant insists that the complaint is insufficient, for the reason that the notice of claim embraces three separate local improvement districts and makes a single claim against "the bond," not bonds, for $526.15; while the complaint alleges that supplies were furnished on account of two contracts in districts 77 and 80, thereby making the claim and complaint too indefinite for enforcement; and that the respondent has failed to segregate the items furnished under the various contracts, or to state the amounts claimed against the respective bonds.

The controlling question before us is whether the notice of appellant's claim is sufficient to sustain its alleged cause of action. As above stated, the notice sets forth three contracts, · but specifies one bond only. There is no apparent method

by which we can determine whether the supplies were furnished for all three of the contracts, for two, or for one, or what proportion was furnished to any one. The notice of claim says the supplies were furnished for the carrying on of "said contract," but fails to indicate which contract is meant. The bonds mentioned in the complaint were separate and were given to secure the performance of separate contracts. It is apparent that a cause of action cannot arise upon one bond for supplies and materials furnished to aid in the performance of a contract secured by another bond. It is impossible to determine from the notice of claim what proportion of the supplies respondent claims was furnished towards the performance of the contract for district 77, what for district 78, or what for district 80. It would seem that the notice, although in substantially statutory form, in view of the several bonds pleaded, is so vague, indefinite, and uncertain in its terms and recitals that it cannot be held to constitute a compliance with the requirements of the statute.

A notice of claim, under contracts such as these, is quite analogous to the claim of a materialman under the mechanics' lien law. A lien notice under the latter statute must be sufficiently definite to enable the court to determine the particular property upon which the lien is claimed, and the amount of material supplied and used. In *Sarginson v. Turner Inv. Co.*, 69 Wash. 234, 124 Pac. 379, the plaintiff sought to foreclose a single lien for labor and materials furnished toward the construction of four separate dwelling houses. It appeared that the claimant did not keep separate accounts with these buildings, but that he sought to enforce a single lien against all four houses. We held this could not be done, because of his failure to segregate the specific amount of materials furnished towards and used in each building.

If respondent can present one general notice of claim for supplies furnished towards the fulfillment of two separate

contracts without segregation, and can thereby enforce a liability against a surety upon two separate bonds given to secure such contracts, there is no reason why it could not enforce a single claim on account of twenty or more construction contracts, the performance of which was secured by a like number of separate bonds. The notice of claim indicates that some of the supplies might have been furnished on contract 78. It neither appears from the notice nor from the complaint whether any bond was given to secure the performance of that contract. The presumption is that such a bond was given, but there can be no presumption that appellant was surety upon that bond. If any of the supplies were used in the performance of that contract, the bond executed by appellant certainly could not be held for such supplies. We are compelled to hold the notice of claim filed with the city was insufficient, and the complaint failed to state a cause of action.

The judgment is reversed, and the cause remanded with instructions to sustain the demurrer.

CHADWICK, ELLIS, and MAIN, JJ., concur.