[No. 12894.   Department Two.   January 15, 1916.]

CHARLES W. RODGERS, *as Charles W. Rodgers Company,*
*Respondent*, v. FIDELITY & DEPOSIT COMPANY OF
MARYLAND, *Appellant*.[1]

STATES—PUBLIC WORKS—CONTRACTOR'S BOND—ACTIONS—CONDITION
PRECEDENT—NOTICE OF CLAIM.  Under Rem. & Bal. Code, § 1161, pro-
viding that no person shall have a right of action upon the bond of
a contractor on public work unless he shall present and file the pre-
scribed notice of claim, the notice of claim substantially in the form
prescribed is a prerequisite to suit upon the bond of a contractor
on state work.

SAME—SUFFICIENCY OF NOTICE.  Rem. & Bal. Code, § 1161, requir-
ing notice of claim against the bond of a contractor on public work
to be in substance in a prescribed form, stating that he has a claim,
"against the bond," designating the amount, the names of principal
and sureties, and describing the work, is not substantially complied
with by a mere debit statement against the contractor for a balance
due for labor and material furnished; since the sureties have a right
to know what claims are being made against them by the filing of
the required notice.

Cross-appeals from a judgment of the superior court for
King county, Smith, J., entered March 26, 1915, upon find-
ings in favor of the plaintiff, in an action on contract, tried
to the court.  Reversed on defendant's appeal.

*Trefethen, Grinstead & Laube*, for appellant.
*Alfred Gfeller*, for respondent.

PARKER, J.—The plaintiff, Charles W. Rodgers, seeks re-
covery upon a bond executed by the defendant, Fidelity &
Deposit Company of Maryland, under the provisions of Rem.
& Bal. Code, §§ 1159-1161 (P. C. 309 §§ 93, 95, 97), re-
lating to security for labor and materials furnished upon
public works.  The trial was before the superior court with-
out a jury, and resulted in findings and judgment in favor
of the plaintiff, from which the defendant has appealed.

[1]Reported in 154 Pac. 444

In August, 1911, T. Strauser & Son, contractors, entered into a contract with the state of Washington for the construction of a building for the Northern Hospital for the Insane. Appellant became surety upon the contractors' bond, the bond being conditioned as prescribed by Rem. & Bal. Code, § 1161 (P. C. 309 § 21). Respondent furnished labor and material to the contractors in the construction of the building. In December, 1912, the building being completed, it was accepted by the state board of control. About the time of the completion and acceptance of the building, respondent filed with the state board of control a paper which he claims was sufficient notice of his claim against the bond as required by Rem. & Bal. Code, § 1161. The paper so filed with the board of control by respondent reads as follows:

"State Board of Control,            Seattle, Nov. 29, 1912.
   "Olympia, Wash.
   "Gentlemen:  Enclosed we hand you statement of unsettled balance due us on labor and material furnished T. Strauser & Son for the Northern Hospital for Insane, Sedro-Woolley, Wash. that proper precautions may have been taken.                     Yours respectfully,
                         "Chas. W. Rodgers Co.
                         "By A. P. Robinson.
   "P. S.   Will you please let us know with what Bonding Company this company is bonded on this work. Enclosed find stamp for reply.                         R.
      "Chas. W. Rodgers Co. Jobbers and Contractors
"T. Strauser & Son,            Seattle, Nov. 27, 1912.
   "Spokane, Wash.
Aug. 28   Balance ........................1001.69
Balance due on labor and material furnished them in Northern Hospital for Insane, Sedro-Woolley, Wash.
               "To State Board of Control,
                  "Olympia, Wash."

The only question we are called upon to consider is as to the sufficiency of this communication to the board of control as a notice of claim against the bond executed by appellant, as surety, entitling respondent to sue appellant as surety

upon the bond. This is to be determined from the provisions of Rem. & Bal. Code, § 1161 (P. C. 309 § 21), which, so far as we need here notice them, read as follows:

". . . all such persons mentioned in said section 1159 shall have a right of action in his, her or their own name or names on such bond, for the full amount of all debts against such contractor, or for work done by such laborers or mechanics, and for materials furnished or provisions and goods supplied and furnished in the prosecution of such work, or the making of such improvements: Provided, that such persons shall not have any right of action on such bond for any sum whatever, unless within thirty (30) days from and after the completion of the contract with and acceptance of the work by the board, council, commission, trustees, or body acting for the state, county or municipality, or other public body, city, town, or district, the laborer, mechanic or subcontractor, or materialman, or person claiming to have supplied materials, provisions or goods for the prosecution of such work, or the making of such improvement, shall present to and file with such board, council, commission, trustees or body acting for the state, county or municipality, or other public body, city, town or district, a notice in writing in substance as follows:

"To (here insert the name of the state, county or municipality or other public body, city, town or district):

"'Notice is hereby given that the undersigned (here insert the name of the laborer, mechanic or subcontractor, or materialman, or person claiming to have furnished labor, materials or provision, for or upon such contract or work) has a claim in the sum of......dollars (here insert the amount) against the bond taken from.........(here insert the names of the principal and surety or sureties upon such bond) for the work of........(here insert a brief mention or description of the work concerning which said bond was taken).

(Here to be signed)................

"Such notice shall be signed by the person or corporation making the claim or giving the notice; and said notice, after being presented and filed, shall be a public record open to inspection by any person."

In view of the language of § 1161, above quoted, that "such persons shall not have any right of action on such bond for

any sum whatever," unless he "shall present to and file with such board" the prescribed notice of claim, it seems that argument is hardly necessary to demonstrate that the filing of such notice of claim is an absolute prerequisite to the claimant's right to sue the surety upon the bond. *Huggins v. Sutherland,* 39 Wash. 552, 82 Pac. 112; *Crane Co. v. Aetna Indemnity Co.,* 43 Wash. 516, 86 Pac. 849.

It seems equally plain to us, from the language of the statute above quoted, that the claimant must, as a prerequisite of his right to sue the surety upon the bond, state in his notice, at least in substance, that he "has a claim  .  .  . against the bond," designating it by naming the principal and sureties; and that it is not sufficient that he make a statement in his notice of claim that amounts to nothing more than a statement of his claim against the contractor, his original debtor. *The sureties upon such bonds have a right to know what claims are being made against them,* by timely filing of the required notice. It is not enough that the claimant makes some claim against the contractor, his debtor, or against funds which may be due the contractor. This is the substance of our holding in *Robinson Mfg. Co. v. Bradley,* 71 Wash. 611, 129 Pac. 382.

Counsel for respondent call our attention to, and rely upon, our decisions in *Strandell v. Moran,* 49 Wash. 533, 95 Pac. 1106, and *Cascade Lumber Co. v. Aetna Indemnity Co.,* 56 Wash. 503, 106 Pac. 158. These decisions, however, as pointed out in *Robinson Mfg. Co. v. Bradley, supra,* deal with notices which in fact did make a plain statement of claim against the bond, and they are, therefore, not out of harmony with the conclusion we here reach.

We are of the opinion that the paper filed with the state board of control by respondent is not such a notice of claim as is required by the provisions of Rem. & Bal. Code, § 1161, above quoted; in that it fails to contain any statement by respondent that he makes a claim against the bond. Finding respondent's notice of claim insufficient, we conclude that he

has no right to recover against appellant as surety upon the bond, and that therefore the judgment must be reversed. It is so ordered.

Respondent, Rodgers, has given notice of, and prosecutes, a cross-appeal, claiming error of the trial court in disallowing him certain claimed costs and disbursements. In view of our disposition of the appeal of Fidelity & Deposit Company, the cross-appeal of Rodgers need not be further noticed.

Appellant, Fidelity & Deposit Company, will recover its costs, both in the superior court and in this court.

MORRIS, C. J., BAUSMAN, HOLCOMB, and MAIN, JJ., concur.