[No. 14635. Department One. April 30, 1918.]

ABERDEEN STATE BANK, *Appellant*, v. SPOKANE PAVING & CONSTRUCTION COMPANY et al., *Respondents*.[1]

COUNTIES—CONTRACTOR'S BONDS—NOTICE OF CLAIM—SUFFICIENCY. Mere notice of an assignment by the contractor of the reserve fund due him, is not a compliance with Rem. Code, § 1161, requiring, as a condition precedent to action on the contractor's bond, a notice of claim against the bond, stating that the party has a claim against the bond, designating the amount, the names of the principals and sureties and describing the work, where the assignment did not contain any of the required essentials and was not filed with the county auditor as required of the statutory notice.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered June 2, 1917, upon findings in favor of the defendants, in an action on a contractor's bond, tried to the court. Affirmed.

*R. E. Taggart*, for appellant.

*W. H. Abel (Senn, Ekwall & Recken*, of counsel), for respondent.

[1]Reported in 172 Pac. 827.

FULLERTON, J.—In August, 1913, the county of Chehalis, the name of which has since been changed to the county of Grays Harbor, entered into a contract with the Spokane Paving & Construction Company by the terms of which the construction company agreed, for a stated consideration, to make certain designated improvements on a county road in that county. The contract provided that payments should be made in county warrants, partially as the work progressed, on monthly estimates not to exceed seventy-five per centum of the amount earned, and the remainder within ten days after the completion of the contract and its acceptance by the county. On the execution of the contract, the construction company entered into a bond to the state of Washington with the respondent Aetna Accident & Liability Company as surety, conditioned as required by statute. After entering into the contract and giving the bond, the construction company made an arrangement with the appellant, Aberdeen State Bank, by which the bank agreed to advance sufficient money to take care of the pay-roll of the construction company and take in repayment of the money advanced county warrants received by the contractor on the monthly estimates. Under this arrangement, money was advanced by the bank, but repaid only in part, the amount unpaid amounting on December 24, 1913, to $1,028.58. On the last named date, the bank took from the construction company an assignment of the reserved payments withheld by the county and filed the same with the county auditor. As this assignment is material in the consideration of the questions raised by the appellant, we set it forth at length:

"Assignment of Warrants.

"To the auditor and treasurer of Chehalis county, Washington, and to the county commissioners of said county:

"For a valuable consideration, the Spokane Paving & Construction Company, a corporation, does hereby set over to the Chehalis County Bank, a corporation, having its principal place of business in Aberdeen, Washington, warrants held back by the county of Chehalis, state of Washington, in the sum of $1,028.58, being the amount reserved by the said county under its contract with the said Spokane Paving & Construction Company for the construction of a portion of the highway in Chehalis county, known and designated as the Hanson road, and said Spokane Paving & Construction Company hereby directs and authorizes the auditor of Chehalis county, Washington, to turn over to the said Chehalis County Bank warrants in said sum, when the same becomes payable. This assignment to the said Chehalis County Bank is made in good faith, not as a release or satisfaction, but for the purpose of securing the payment to the said bank of the sum hereinbefore mentioned, which said sum of money is being advanced by the said bank to the Spokane Paving & Construction Company to pay for labor done and performed for the Spokane Paving & Construction Company, in the construction of said highway.

"In Witness Whereof, The said Spokane Paving & Construction Company has caused its corporate name and seal to be hereunto subscribed and affixed, and these presents to be executed by its officer thereunto duly authorized, this 24th day of December, 1913.

"Spokane Paving & Construction Co.,
"By Henry L. Lilienthal, President."

The construction company only partially completed the work, finally abandoning it early in the month of February, 1914. After the work had been so abandoned, the respondent surety company took over the work and completed it to the satisfaction of the county on September 8, 1914, at which time the work was finally accepted. On the completion of the work, the county paid to the contractor the unpaid portion of the contract price, including the reserved part earned by the construction company covered by the appellant's

assignment, leaving its claim unsatisfied. In completing the work the surety company expended over and above the amount it received the sum of $3,641.40, suffering a loss in that sum.

In this action the appellant sought to recover against the county and the surety company for its unsatisfied claim. In the court below it relied for recovery against the county upon the assignment before set forth, and against the surety company upon the same ground, and the further ground that its claim was a charge against the bond of the surety company under the provisions of the bond obligating the surety to pay "all just debts, dues, and demands incurred in the performance of the work" in the payment of which the contractor should make default. A formal statutory notice of its claim was filed by the appellant with the county auditor on February 9, 1915.

On the facts shown, the trial court held that there could be no recovery, either against the county or the surety company. In this court the appellant concedes that the judgment is correct in so far as it rests upon the assignment feature of the written assignment before set forth, under the rule of this court announced in *Title Guaranty & Surety Co. v. Coffman, Dobson & Co.*, 97 Wash. 211, 166 Pac. 620, and the cases there cited. It concedes also that the formal notice of its claim filed with the county auditor is insufficient to bind the surety, because given more than thirty days after the completion of the contract and the formal acceptance of the work by the affirmative action of the county commissioners. Its contention now is that the assignment itself was a sufficient notice of the claim against the surety and, being given in time, permits a recovery against the surety as for money advanced by it to pay just debts, dues, and demands incurred by the contractor in the performance of the work.

The section of the statute relating to notice necessary to bind the surety reads as follows:

"§ 1161. The bond mentioned in section 1159 shall be in an amount equal to the full contract price agreed to be paid for such work or improvement, and shall be to the state of Washington, except in cases of cities and towns, in which cases such municipalities may by general ordinance fix and determine the amount of such bond and to whom such bond shall run: Provided, the same shall not be for a less amount than twenty-five per cent (25%) of the contract price of any such improvement, and may designate that the same shall be payable to such city, and not to the state of Washington, and all such persons mentioned in said section 1159 shall have a right of action in his, her, or their own name or names on such bond for work done by such laborers or mechanics, and for materials furnished or provisions and goods supplied and furnished in the prosecution of such work, or the making of such improvements: Provided, that such persons shall not have any right of action on such bond for any sum whatever, unless within thirty (30) days from and after the completion of the contract with an acceptance of the work by the affirmative action of the board, council, commission, trustees, officer, or body acting for the state, county or municipality, or other public body, city, town or district, the laborer, mechanic or subcontractor or materialman, or person claiming to have supplied materials, provisions or goods for the prosecution of such work, or the making of such improvement, shall present to and file with such board, council, commission, trustees or body acting for the state, county or municipality, or other public body, city, town or district, a notice in writing in substance as follows:

"To (here insert the name of the state, county or municipality or other public body, city, town or district):

"Notice is hereby given that the undersigned (here insert the name of the laborer, mechanic or subcontractor, or materialman, or person claiming to have furnished labor, materials or provisions for or upon such contract or work) has a claim in the sum of......

dollars (here insert the amount) against the bond taken from ............ (here insert the name of the principal and surety or sureties upon such bond) for the work of ............ (here insert a brief mention or description of the work concerning which said bond was taken).

"(Here to be signed)......................

"Such notice shall be signed by the person or corporation making the claim or giving the notice, and said notice, after being presented and filed, shall be a public record open to inspection by any person, and in any suit or action brought against such surety or sureties by any such person or corporation to recover for any of the items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable; provided, however, that no attorney's fees shall be allowed in any suit or action brought or instituted before the expiration of thirty days following the date of filing of the notice hereinbefore mentioned; provided, further, that any city may avail itself of the provisions of this act, notwithstanding any charter provisions in conflict herewith; and provided further, that any city or town may impose any other or further conditions and obligations in such bond as may be deemed necessary for its proper protection in the fulfillment of the terms of the contract secured thereby, and not in conflict herewith." Rem. Code, § 1161.

It will be noticed by comparing the written assignment with the statute that none of the requirements of the statute are thereby complied with. It contains no recital that the bank has a claim against the bond of the present surety, or any surety, either for labor, materials or provisions furnished the contractor, or for money advanced to the contractor used in payment of any such labor, materials or provisions; it does not name either the principal or surety on the bond, nor mention the bond in any way; it is not signed by the corporation making the claim, in this instance the ap-

pellant bank, nor was it filed with the county auditor as a claim against the bond. It seems plain to us that no one reading it would understand it as a claim against a surety bond, or understand it to mean other than what it purports to be—an assignment of warrants then due, or thereafter to become due, from the county to the assignee named therein for the construction of a public road. This is not sufficient. As we said in *Rodgers v. Fidelity & Deposit Co.*, 89 Wash. 316, 154 Pac. 444:

"In view of the language of § 1161, above quoted, that 'such persons shall not have any right of action on such bond for any sum whatever,' unless he 'shall present to and file with such board' the prescribed notice of claim, it seems that argument is hardly necessary to demonstrate that the filing of such notice of claim is an absolute prerequisite to the claimant's right to sue the surety upon the bond. . . . It seems equally plain to us, from the language of the statute above quoted, that the claimant must, as a prerequisite of his right to sue the surety upon the bond, state in his notice, at least in substance, that he 'has a claim . . . against the bond,' designating it by naming the principal and sureties; and that it is not sufficient that he make a statement in his notice of claim that amounts to nothing more than a statement of his claim against the contractor, his original debtor. The sureties upon such bonds have a right to know what claims are being made against them, by timely filing of the required notice. It is not enough that the claimant makes some claim against the contractor, his debtor, or against funds which may be due the contractor. This is the substance of our holding in *Robinson Mfg. Co. v. Bradley*, 71 Wash. 611, 129 Pac. 382."

Our conclusion is that the judgment below is without error. It will stand affirmed.

Ellis, C. J., Parker, Main, and Webster, JJ., concur.